**Mary Lee McCRICKARD, Plaintiff,**

v.

**ACME VISIBLE RECORDS, INC., Defendant.**

**Civ. A. No. 75–0059(C).**

United States District Court, W. D. Virginia, Charlottesville Division.

Feb. 6, 1976.

Beverly C. Read, Foresman, Read & Elkins, Lexington, Va., for plaintiff.

Henry T. Wickham, Kenneth V. Farino, Mays, Valentine, Davenport & Moore, Richmond, Va., for defendant.

## OPINION and JUDGMENT

DALTON, District Judge.

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.,* as amended by the Equal Pay Act of 1963, 29 U.S.C. § 206(d) and the Age Discrimination in Employment Act, 29 U.S.C. § 626. The plaintiff, a fifty-six year old female, was an employee of the defendant from January 21, 1951 to December 3, 1973 when she was fired while out on sick leave. On March 18, 1974, she filed charges of employment discrimination with the Equal Employment Opportunity Commission (EEOC) and on June 6, 1975 she received a "notice of right to sue" from the EEOC. This action was subsequently commenced on September 4, 1975.

The defendant has moved this court to dismiss the complaint for failure to state a claim upon which relief can be granted and to dismiss all allegations of age discrimination for failure to notify the Secretary of Labor in accordance with 29 U.S.C. § 626(d). As to its first motion, defendant contends that there are no allegations in plaintiff's complaint that charge that plaintiff was relieved from her employment on the basis of her sex or age or that defendant was paying male employees at a higher rate for a job of equal skill.

To the contrary though, plaintiff's complaint sets out a factual background which states that the defendant demoted her prior to her dismissal by reassigning certain of her responsibilities to a twenty-six year old male employee who subsequently received a greater sal-

ary than she had received. It also states that after her dismissal a thirty-three year old male was hired to replace her. It concludes by stating that these practices are in violation of Title VII of the Civil Rights Act, the Equal Pay Act, and the Age Discrimination Act. This court feels that such a complaint more than adequately charges employment discrimination on the basis of age and sex and inequality in salary disbursements on the basis of sex. Accordingly defendant's motion pursuant to Rule 12(b)(6) is overruled.

Defendant's second motion is based on the plaintiff's failure to notify the Secretary of Labor of her age discrimination charges in accordance with 29 U.S.C. § 626(d). The applicable part of this section reads:

> No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
>
> (1) within one hundred and eighty days after the alleged unlawful practice occurred, or   .   .   .
>
> Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

■ This provision is designed to afford the Secretary of Labor opportunity to invoke appropriate conciliatory and mediative action to avert litigation and to alert the Secretary of cases of widespread implication for which the Secretary might chose to initiate proceedings as he is empowered to do at his discretion. *Bishop v. Jelleff Associates*, 398 F.Supp. 579 (D.C.D.C.1974). It also is intended to insure that potential defendants will become aware of charges against them reasonably soon after the alleged discrimination takes place which in turn hopefully promotes good faith negotiation by employers and the preservation of evidence and records. *Powell v. Southwestern Bell Telephone Company*, 494 F.2d 485 (5th Cir. 1974).

While courts have taken different viewpoints as to the appropriate severity to invoke in applying this provision, the majority view appears to be that the requirement is jurisdictional and should not be overlooked lightly. *Hiscott v. General Electric Co.*, 521 F.2d 632 (6th Cir. 1975), *Edwards v. Kaiser Aluminum and Chemical Sales, Inc.*, 515 F.2d 1195 (5th Cir. 1975), *Powell v. Southwestern Bell Telephone Company, supra, Law v. United Air Lines, Inc.*, 519 F.2d 170 (10th Cir. 1975), *Raynor v. Great Atlantic & Pacific Tea Co., Inc.*, 400 F.Supp. 357 (E.D.Va.1975). See also *Moses v. Falstaff Brewing Corporation*, 525 F.2d 92 (8th Cir. 1975). Thus a failure to file charges with the Secretary of Labor in this one-hundred and eighty day period forecloses a potential plaintiff's right to bring suit.

In the case at hand though, plaintiff asserts that her failure to comply with these statutory filing requirements is in turn due to the defendant's negligence in complying with 29 U.S.C. § 627. This section reads:

> Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter. See also 29 C.F.R. § 850.10.

In support of her opposition to defendant's motion, plaintiff has submitted an affidavit in which she states that the defendant did not post notices informing employees of their rights and obligations under the Age Discrimination statute. She also states that the defendant did post a notice referring employees to the Equal Employment Opportunity Commission (EEOC) and that when she filed charges with the EEOC she believed it was the appropriate body to administer both her sex and age discrimination complaints. Finally she states that she was

not aware of the Secretary of Labor's function in processing age discrimination complaints until the spring of 1975.

Realizing that courts have reached varying conclusions on the issue whether failure to post informational notices tolls the 180 day time period, *Bishop, supra* at 592 (does toll the time period), *Hiscott, supra,* at 634 (does not toll the time period), this court reserves judgment on this issue for it still appears that the plaintiff failed to comply with the act after she learned of its requirements. In this respect, the facts in this case most closely parallel *Edwards v. Kaiser Aluminum and Chemical Sales, Inc., supra,* a decision by a panel from the Fifth Circuit.

In *Edwards* the plaintiff was discharged by her employer on June 30, 1971. At that time, *Kaiser* had failed to post informational notices. The plaintiff consulted two attorneys, one in September of 1971, who pressed claims with *Kaiser* on the plaintiff's behalf, but did not inform him as to his obligation to file with the Secretary of Labor. The plaintiff consulted the second attorney in May of 1972 and it was then that he learned of his duty to file. However neither he nor his new attorneys gave notice of intent to sue until February 16, 1973. The court did *not* reach the issue whether the equitable considerations of the employer's failure to post notice or the plaintiff's unawareness of the requirements would toll the one-hundred and eighty day period for it found that more than one-hundred and eighty days had passed in the period between May of 1972 and February 16, 1973.

Likewise, this court finds that more than one-hundred and eighty days have passed since the plaintiff states that she became aware of her requirement to file with the Secretary of Labor. Regardless of which date one assigns to the term "spring of 1975," more than one-hundred and eighty days have passed. The complaint in this action was filed on September 4, 1975, a time when it is conceivable plaintiff could have still filed with the Secretary of Labor. Instead the plain-

tiff chose to bring this action to federal court without ever making an attempt to file with the Secretary of Labor in accordance with the law. It is not this court's duty to inform litigants of their legal obligations.

Since the plaintiff asserts that her unawareness of the filing requirements due to her employer's negligence tolls the running of the one-hundred and eighty day period, it would be most consistent with this position to assume that the one-hundred and eighty day period would begin to run when the plaintiff was apprised of these requirements. However the plaintiff has *never* filed with the Secretary of Labor. Such action controverts a legislative policy to promote administrative conciliation of age discrimination suits before such actions reach the federal courts. Accordingly, this court orders the part of plaintiff's complaint concerning age discrimination dismissed. This action is not to prejudice charges of sex discrimination and equal pay violations.

The Court will allow the parties in this action ninety days to complete discovery. The trial of this case is tentatively set for May 7, 1976.