**Geraldine M. COYLE, Plaintiff,**

v.

**Fletcher SPIGNER, Executive Director, Richland-Lexington Council on Aging, Inc., et al., Defendants.**

**Civ. A. No. 78–0106.**

United States District Court,
D. South Carolina,
Columbia Division.

April 26, 1979.

---

Carlton B. Bagby, Herbert E. Buhl, II, Columbia, S. C., for plaintiff.

Victoria L. Eslinger, Columbia, S. C., for defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

HEMPHILL, District Judge.

By motion filed March 3, 1978, and in accordance with Rule 12(b)(1)[1] of the Federal Rules of Civil Procedure, defendants move the court to dismiss so much of plaintiff's action as is brought under Age Discrimination and Employment Act (ADEA), 29 U.S.C. § 621, et seq., on the grounds the court lacks jurisdiction because of plaintiff's failure to comply with the jurisdictional prerequisites under 29 U.S.C. § 626(d)[2]. Additionally, pursuant to Rule 12(b)(6)[3] and Rule 56(b)[4], Federal Rules of Civil Procedure, defendants move for dismissal for failure to state a claim upon which relief can be granted. The motion, as to the second phase, is supported by an affidavit of Fletcher Spigner.

■■■ It is not controverted on the record before this court that the plaintiff informed the Secretary later of her intention to sue. The sixty days notice of intent to sue under 29 U.S.C. § 626(d) is required in order to give the Secretary, whose efforts are an integral part of the statutory scheme described in the ADEA, an opportunity to comply with the statutory duty, again directed in Section 626(d), seeking to eliminate any discriminatory practices by an informal method of conciliation, conference and persuasion; only after this period of informal negotiation may the Secretary or an aggrieved individual sue to enforce statutory rights. *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195, 1197 (5th Cir. 1975). The requirement that the

---

1. Fed.R.Civ.P. 12(b)(1) provides: Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on the Pleadings.

 (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, . . . .

2. 29 U.S.C. § 626(d) provides: Recordkeeping, investigation, and enforcement.

 (d) No civil action may be commenced by an individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

 (1) within one hundred and eighty days after the alleged unlawful practice occurred, or

 (2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

 Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

3. Fed.R.Civ.P. 12(b)(6) provides: Failure of the pleading to state a claim upon which relief can be granted.

4. Fed.R.Civ.P. 56(b) provides: Summary Judgment

 (b) For Defending Party. A party against whom a claim, counter-claim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

Secretary of Labor be given 60 days notice of the intention to sue under the ADEA, and that the 60 days notice be given within 180 days after the alleged wrongful act is a mandatory, jurisdictional condition precedent to this suit and no equitable consideration will completely relieve the employer of a duty to comply with the statute (515 F.2d at 1199).

Plaintiff argues that the filing requirement is remedial in nature and not jurisdictional, citing *Skoglund v. Singer,* 403 F.Supp. 801 (D.N.H.1975); *Smith v. Jos. Schlitz Brewing Co.,* 419 F.Supp. 773 (D.N. J.1976); *Vasquez v. Eastern Airlines, Inc.,* 405 F.Supp. 1353 (D.Pa.1975) and other cases. This court is not persuaded.

In an excellent opinion, in which a rehearing was denied *en banc* by the Fifth Circuit, in *Powell v. Southwestern Bell Telephone Company,* 494 F.2d 485, 487 (5th Cir. 1974), the court, relying upon the legislative history, and citing various cases,[5] declared that the requisites of 626(d) are jurisdictional, and that the notice of intent to file must be given the Secretary in the 180-day period prescribed:

> Appellant launches a broad based attack upon the district court's interpretation of Sec. 7(d) of the Act, Title 29, U.S.C. Sec. 626(d). Sec. 7(d) provides, in pertinent part, that:
>
> > No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
> > (1) within one hundred and eighty days after the alleged unlawful practice occurred, . . .
>
> Appellant argues that dismissal for failure to comply with the 180 day requirement is inconsistent with the existence of a separate statute of limitations, with the legislative history of the ADEA and with judicial interpretation of similar provisions of the Equal Employment Op-

portunity Act, (EEOA), Title 42, U.S.C., Sec. 2000e et seq., and hence that action of the district court was error. We are unpersuaded.

> Sec. 7(e) of the ADEA expressly incorporates the statute of limitations found in the Portal-To-Portal Act, Title 29, U.S.C., Sec. 255. That limitation is two years for nonwillful violations of the statute and three years if the violation is shown to have been willful. Appellant argues that to dismiss an action for failure to file a notice of intent to sue within 180 days of the unlawful practice imposes an additional and considerably shorter limitation upon all prospective plaintiffs. Our perception of the two time limits is quite different and we find appellant's argument rather disingenuous. The 180 day limit is not upon the filing of suit, but upon notice to the Secretary that one intends to bring suit. Thus it is entirely possible to comply with the notice requirement, yet still be in violation of the limit on filing an action by exceeding the two or the three year provisions of the Portal-To-Portal Act. The notice requirement in no way supplants the statutory period of limitation engrafted from the Portal-To-Portal Act. Rather it is simply a prerequisite to the right to file any suit whatsoever under the ADEA.

> Appellant goes on to cite the legislative history pertaining to the ADEA in support of the proposition that the 180 day limit is not jurisdictional in nature, but merely directory. While nothing in that history addresses the precise question, we find that there is some support for, if anything, a contrary view. House Report 805, in discussing the companion requirement of a 60 day waiting period between notice of intent and the actual filing of suit, characterizes the notice as a "condition precedent" to filing. A permissible inference is that the requirement of timeliness attending the notice is likewise a condition precedent to suit. H.R.Rep.No.

**5.** In the *Gebhard v. GAF Corp.,* 59 F.R.D. 504 (D.D.C.) case cited, the court noted that footnote 9 to that decision told of the notices of the filing requisites posted on the bulletin boards of the defendant.

805, 90th Cong., 1st Sess. (1967); 1967 U.S.Code Cong. and Admin.News pp. 2213, 2218. Later in the same report it is noted that "persons intending to file civil actions under this act *must* give the Secretary of Labor 60 days' notice before doing so." (emphasis supplied) 1967 U.S. Code Cong. and Admin.News p. 2223. More to the point, the Senate Report stated that "in the case of suits brought by individuals notice of intention to sue *must* be given the Secretary of Labor within 180 days after the alleged unlawful practice occurred, . . ." (emphasis supplied) S.Rep.No. 723, 90th Cong., 1st Sess. (1967); 113 Cong.Rec. 31251.

Perhaps the most interesting feature of the origin of the 180 day notice limitation is that it appeared in the original bill as introduced in the Senate, was deleted from the House passed bill, and was restored by the amendment in the Senate when the House bill was returned for consideration by the upper chamber. The House concurred in the amendment. Its restoration, together with that of several other portions of the original Senate bill, was "intended to answer some of the disquiet in American business . . . keeping also in mind the practical problems of administration, . . ." 113 Cong.Rec. 35056 (Remarks of Senator Javits). It is logical that the 180 day notice was intended to insure that potential defendants would become aware of their status and the possibility of litigation reasonably soon after the alleged discrimination since the notice goes from the Secretary of Labor on to the employer involved. In turn this would promote the good faith negotiation of employers during the 60 day conciliation period and provide an opportunity for preservation of evidence and records for use at a trial necessitated by failure of negotiation. It does not, as appellant asserts on brief, "force a claimant to the courthouse while the Secretary, the employee and the employer are still in the process of mediating the dispute." Rather, it gives notice to concerned parties that the plaintiff intends to sue and may do so within the applicable two or three year statute of limitations.

In *Woodford v. Kinney Shoe Corp.*, 369 F.Supp. 911 (N.D.Ga.1973), the court noted that any type of notice would be acceptable so long as it is properly given but that notice *must be given* (emphasis added) and that the notice is jurisdictional. With the same impact is *Oshira v. Pan American World Airways*, 378 F.Supp. at page 80 (D.Hawaii 1974). See also *McCrickard v. Acme Visible Records, Inc.*, 409 F.Supp. 341 (W.D.Va.1976); *Brohl v. The Singer Company*, 407 F.Supp. 936 (M.D.Fla.1975); and *Burgett v. Cuhady Co.*, 361 F.Supp. 617 (D.Kan.1973).

Because plaintiff has failed to meet the jurisdictional prerequisites of the first, second and third causes of action of the complaint [6], the motion to dismiss as to such causes of action is granted.

There remains the question of whether plaintiff can pursue her claim under the provisions of Title 42, U.S.C. § 1983.[7] Plaintiff also claims the protection of the equal protection clause of the Fourteenth Amendment, but it is obvious that the ADEA claim is an equal protection preventative designed to give equal protection to the aged and prevent discrimination be-

---

**6.** The complaint was verbose, alleged facts, was repetitious and strictly out of compliance with Rule 8 which calls for "a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim . . ."

**7.** 42 U.S.C. § 1983 provides: Civil action for deprivation of rights.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

cause of his or her age. Accordingly, we turn to a statute, enacted in 1871 in connection with the Reconstruction aftermath of the useless, tragic Southern Secession which, by modern jurists, has been prostituted into a vehicle for every imaginable harassment for every imaginable kind of person acting upon the alleged color of a statute of the law of a state or territory. The "daddy rabbit" is *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, which declared the legislation to be an extenuation of the Fourteenth Amendment and a vehicle for enforcement of such amendment against any one who carried a badge of authority of a state or subdivision, or represented it in some capacity. In 1951, in *Stefanelli v. Minard,* 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951), the same Supreme Court had held that the section should be construed so as to respect a proper balance between the states and the federal government in law enforcement; nothing could be further from the truth in these modern days of 1983 prostitution by a thousand appellate judges, and many district judges with a harsh rule of *stare decisis.*

 The statutes provide that the action must be under "color of law", and in order to show the accused (usually a defendant in a 1983 civil action) is acting under color of a statute for purposes of the application of this section, it is essential that she or he act with the knowledge of and pursuant to the statute, or authority which colors his action. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 98 S.Ct. 1598, 26 L.Ed.2d 142. To prove a claim under this section, a plaintiff must prove by the preponderance of evidence that he suffered deprivation of federally protected rights, privileges or immunities guaranteed to him by the Constitution of the United States. *Orr v. Trinter,* 444 F.2d 128 (6th Cir. 1971), *cert. denied* 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767; *Chism v. Price,* 457 F.2d 1037 (9th Cir. 1972); *Whirl v. Kern,* 407 F.2d 781 (5th Cir. 1969), *cert. denied* 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177. A private person,

generally, cannot be held liable under the provisions of this section unless his wrongful action was done under color of state law or state authority. *Guedry v. Floyd,* 431 F.2d 660 (5th Cir. 1970); *Cole v. Smith,* 344 F.2d 721 (8th Cir. 1965); *Williams v. Yellow Cab Co.,* 200 F.2d 302 (2nd Cir. 1953).

We therefore examine to see whether or not the actions of the individual defendants sued here have such color of state law to come within the inclusion of the right of action guaranteed by this Ku Klux Klan statute.

Because of the liberality, particularly of the Fourth Circuit, in defining "state action" or "color of state law" as the equivalent of receiving public federal funds and/or state funds, this court, with no more facts than appear on the record in this case, is hesitant in rendering a decision on the summary judgment motion posed under Rule 56 and Rule 12(b)(6). There is an affidavit in the record of Mr. Spigner, one of the defendants, but it is not very full. Plaintiff makes certain assertions, but submits no affidavits.[8] This is a court of *stare decisis* which, before shutting off plaintiff from her 1983 claim, would have to be convinced that she has no claim under any state of facts which could be developed by discovery.

Therefore, this court thinks it is in the best interest of the parties involved, and in the interest of justice, to keep this motion under consideration until discovery is complete, and schedule a rehearing of the motion at that time. Discovery is accordingly advanced for 60 more days and the defendant shall, at the end of that time, write a letter of request, circulation to plaintiff, asking that the motion be reheard. Meanwhile the motion is denied for the purpose of continuing consideration, but not finally denied.

AND IT IS SO ORDERED.

---

**8.** Plaintiffs in civil rights suits make all sort of assertions in every case, which are usually not supported by affidavits, for reasons which beg the obvious.