Kenneth W. MAYOR et al., Plaintiffs,

v.

WESTERN ELECTRIC COMPANY, INC., Defendant.

No. 77–0713 CV W 4.

United States District Court, W. D. Missouri, W. D.

April 8, 1980.

Stanley L. Morris, Meise, Cope & Coen, Kansas City, Mo., for plaintiffs.

Sandra L. Schermerhorn, Jack L. Whitacre, Kansas City, Mo., for defendant.

ORDER

ELMO B. HUNTER, District Judge.

This cause pends on defendant's motion for summary judgment. The Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, under which plaintiffs state their claims against defendant, provides:

No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
(1) within one hundred and eighty days after the alleged unlawful practice occurred . . .

29 U.S.C. § 626(d)(1).[1] Defendant states that both plaintiffs have failed to file a timely notice of intent to sue with the Secretary of Labor and therefore this Court lacks jurisdiction over the subject matter of this action and plaintiffs' claims under the Age Discrimination in Employment Act are barred by the statutory limitations period.

There is a split among the circuit courts of appeal on the question whether the 180 day period in which a notice of intent to sue under the Age Discrimination in Employment Act must be filed with the Department of Labor is jurisdictional or more akin to a statute of limitations which is subject to equitable tolling. *See, e. g., Kephart v. Institute of Gas Technology,* 581 F.2d 1287 (7th Cir. 1978) (akin to a statute of limitations and subject to equitable tolling); *Quina v. Owens-Corning Fiberglass Corporation,* 575 F.2d 1115 (5th Cir. 1978) (jurisdictional). Although the Eighth Circuit noted in dicta that it has not yet decided the issue, *Larson v. American Wheel & Brake, Inc.,* 610 F.2d 506 (8th Cir. 1979), it has stated that "the notice requirement is not jurisdictional but is similar to a statute of limitations and therefore subject to equitable tolling." *Nielsen v. Western Electric Company,* 603 F.2d 741, 743 (8th Cir. 1979). This Court need not resolve that question. Even if the 180 period is subject to equitable tolling, the uncontroverted facts of this case are not those to which the principles of equitable tolling apply. There is no genuine issue as to any material fact.

Both plaintiffs were terminated on October 3, 1975. Plaintiff Mayor's discharge was characterized by defendant's management personnel as a "lay-off." When May-

or asked about the chances of being rehired, "they said they did not know at this particular time but that I was on the top of the list to be recalled." Deposition of Kenneth W. Mayor 55. Mayor had no employment contract with defendant, no union collective bargaining agreement, or guarantee of continued employment; he states that no one said he would be rehired, but that "if the re-openings occurred, that I would be one of the first ones in the place." Mayor Deposition 102–03. Mayor also was told that any benefits due him under defendant's pension and profit sharing plan would not be paid until one year from his date of discharge. Affidavit of Kenneth W. Mayor. Mayor met with representatives of the Department of Labor on three occasions, the first on February 17, 1976, all of which were within 180 days of the date of discharge on October 3, 1975. The D.O.L. representative offered to contact defendant regarding Mayor's complaint of age discrimination, but Mayor "refused to initiate a formal complaint against defendant because of the continuing representations of recall and that any possibility of recall would undoubtedly be eliminated if an investigation of the lay-off by the defendant were begun." Affidavit of Kenneth W. Mayor. When the D.O.L. representative told Mayor that he could not go ahead with an anonymous investigation of the lay-off, Mayor instructed him not to do anything. Mayor Deposition 135–36, 138. Mayor "was not informed by Department of Labor representatives that a failure to file a formal complaint against defendant could cause a serious impairment to subsequent proceedings based on alleged age discrimination, against defendant," Affidavit of Kenneth W. Mayor, but does remember seeing a poster regarding age discrimination in defendants' plant, Mayor Deposition 102, and did receive a pamphlet from the D.O.L. representative but threw it away unread. Mayor Deposition 130. Mayor first consulted an attorney regarding his complaint in August or September, 1977, and then

---

1. 29 U.S.C. § 626(d)(1) was amended in 1978, but the amended section applies only to those actions commenced after April 6, 1978.

learned of the 180 day period in which a notice of intent to sue must be filed. Mayor Deposition 142–43. Mayor admits that he has not filed a notice of intent to sue with the Department of Labor.

Plaintiff Mullane's discharge was also characterized as a "lay-off." Mullane was never given a guarantee that he would be rehired, but was told that he would get "first consideration" for recall. Deposition of Phillip K. Mullane 69, 105. Mullane also met with a D.O.L. representative concerning his age discrimination complaint on or about February 20, 1976, within 180 days of the date of his discharge. The D.O.L. representative offered to contact defendant about the age discrimination complaint, but Mullane told him not to do anything "because of the impression he was under consideration for recall by defendant and that any possibility of recall would be eliminated if an investigation of the lay-off were begun." Affidavit of Phillip K. Mullane. Mullane also was not informed by anyone from the D.O.L. that failure to file a "formal complaint" against defendant "would cause a serious impairment to subsequent proceedings, based on an alleged age discrimination violation, against defendant." Affidavit of Phillip K. Mullane. Mullane was given a pamphlet by the D.O.L. representative but did not read all of it. Mullane Deposition 107. During the 180 days following his discharge on October 3, 1975, Mullane made several inquiries of defendant concerning vested rights he might have in any benefit plans maintained by defendant. He was told by defendant that "the matter was being reviewed by defendant and he felt that the initiation of a formal complaint of age discrimination through the Department of Labor would jeopardize any remaining rights he may have had." Affidavit of Phillip K. Mullane. Only after six months had gone by was Mullane told by defendant that he had no vested pension rights. Mullane Deposition 112. Mullane contacted the D.O.L. again in August or September, 1977, and was told of the 180 day time limit in which to file a notice of intent to sue on a claim of age discrimination. Thereafter, he contacted an attorney.

Mullane Deposition 110–11. Mullane admits that he has not filed a notice of intent to sue with the Department of Labor.

Cases in which the 180 day limitation period has been tolled have involved fact situations in which the D.O.L. has misled the aggrieved person or failed to inform him adequately of his rights or in which the employer has failed to comply with the notice requirements of the Act or has misled the aggrieved employee to prevent him from asserting his rights. See Nielsen v. Western Electric Company, Inc., No. 77–0095–CV–W–3 (W.D.Mo.1978), aff'd, 603 F.2d 741 (8th Cir. 1979). Unless the failure to file a notice of intent to sue was due to misrepresentation by the employer, equitable tolling has not been allowed unless the purposes of the limitations period have been otherwise served: to enable the D.O.L. to attempt informal conciliation of the complaint and thus avoid litigation and to inform the employer of the aggrieved employee's intentions at an early stage. See Moses v. Falstaff Brewing Corporation, 525 F.2d 92 (8th Cir. 1975). In this case, there is no support for a theory that the D.O.L. either misled plaintiffs or failed to inform them of their rights. In fact, the D.O.L. attempted to initiate the informal investigation and conciliation process that is its responsibility and was directed by plaintiffs to take no action in the matter. The statutory purpose of the notice requirement was thereby frustrated. There is also no contention that defendant failed to comply with the notice provisions of the Act, 29 U.S.C. § 627.

Plaintiffs' only argument in support of their claim that the 180 day limitation period should be tolled on equitable grounds is that "the continuing representation that they were subject to recall is tantamount to a misrepresentation by the defendant." Plaintiffs do not argue that defendant's statements regarding the possibility of a recall were themselves misrepresentations, that is, that the statements when they were made were not true or that plaintiffs in fact were not under consideration for recall after the lay-off. Rather, the argument is

that defendant's statements concerning the possibility of recall were "tantamount" to a misrepresentation by defendant because the possibility of recall presented plaintiffs with troublesome alternatives: forebear enforcement of their age discrimination claims in hopes of being recalled by defendant or pursue their age discrimination claims with the certain knowledge, say plaintiffs, that to do so would prejudice any chance of a recall.

In *Platt v. Burroughs Corporation*, 424 F.Supp. 1329 (E.D.Pa.1976), the court held that an aggrieved employee's fear of retaliation by his employer for asserting an age discrimination claim is not an excuse for failure to comply with the time requirements of the statute.

> To permit the fear of retaliation to operate as an excuse for failure to comply with the time requirements as to notice, would be to ignore the express language of the statute. The individual who thinks he has been the victim of any age discrimination must take the statute as he finds it. He is not obliged to give timely notice when he thinks he has been discriminated against, because of his fear of retaliation, but if he does not, he should be found to have, by conduct waived his right to the statutory benefits as respects the alleged acts of discrimination. One is reminded of the truism "you can lead a horse to water, but you cannot make him drink." Congress passed a statute but it cannot make the alleged victims of discrimination comply with its provisions.

424 F.Supp. at 1333. In *Wagner v. Sperry Univac, Division of Sperry Rand Corporation*, 458 F.Supp. 505 (E.D.Pa.1978), the court dismissed the argument of an employee, who had been laid off and was eligible for rehire, that he had been lulled into not filing the required notice by a false hope that he would be recalled or transferred to another position.

A litigant may not, however, avoid the statute of limitations simply because the decision it forces him to make—whether to pursue legal remedies before all avenues of informal settlement are exhausted—is a difficult one.

458 F.Supp. at 516.

The Court finds plaintiffs in this case in a position identical to that of the plaintiff in *Wagner v. Sperry Univac*. They were presented with a difficult decision and chose not to follow the avenue provided by the Age Discrimination in Employment Act. That Act provides legal remedies only within its statutory framework. Plaintiffs, by their own failure to comply with the Act's requirement of timely notice to the D.O.L., now find themselves outside of that framework. It has been held that the 180 day limitations period is tolled until the aggrieved employee has *actual knowledge* of the filing requirement. *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195 (5th Cir. 1975). In this case, both plaintiffs state that they had actual knowledge of the filing requirement in August or September, 1977,[2] but to date have failed to make the required filing with the D.O.L. Even though equitable considerations may compel the tolling of the 180 day limitations period in the proper case, the courts cannot rule that plaintiffs may simply ignore the limitations period in the Act. *See McCrickard v. Acme Visible Records, Inc.*, 409 F.Supp. 341 (W.D.Va.1976). This Court is unable to find any equitable considerations which would justify the tolling of the 180 day limitations period for filing the notice of intent to sue with the Department of Labor. As each plaintiff has admitted that he was terminated on October 3, 1975, and that he has failed to file the required notice, the Court finds that their claims under the Age Discrimination in Employment Act are barred by the limitations period in 29 U.S.C. § 626(d)(1) and that defendant is entitled to a judgment as a matter of law. Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment be, and it is hereby, granted.

---

2. This discounts any notice plaintiffs had from the pamphlets explaining the Act which were received by each plaintiff from the D.O.L. in February, 1976.