Carlo R. FRASCO, Plaintiff,

v.

JOS. SCHLITZ BREWING CO., Defendant.

No. 80–331–WS.

United States District Court, M. D. North Carolina, Winston-Salem Division.

March 2, 1982.

Gregory W. Schiro, Winston-Salem, N. C., for plaintiff.

Charles F. Vance, Jr. and W. Andrew Copenhaver, of Womble, Carlyle, Sandridge & Rice, Winston-Salem, N. C., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, District Judge.

█ Plaintiff Carlo R. Frasco filed this suit on June 27, 1980, against defendant Jos. Schlitz Brewing Co. alleging that the defendant's decision to discharge him on June 30, 1978, constituted a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34. The matter now before the Court is defendant's Motion for Summary Judgment (December 15, 1981) on the ground that the suit is time-barred pursuant to 29 U.S.C. § 626(d).[1] The Court finds that plaintiff failed to comply with the time requirements of section 626(d). Consequently, the Court will grant defendant's motion and dismiss this action.

Plaintiff alleged that he filed a notice of intent to sue and charge of age discrimination with the Department of Labor on July 11, 1978, and again on May 28, 1980. Complaint ¶ 14 (June 27, 1980). The defendant contends that plaintiff made no such filing on July 11, 1978. In support of its contention defendant submitted the Affidavit of Barbara E. Hoffman (December 15, 1981) (hereafter Hoffman Affidavit), a labor relations specialist employed by defendant, with four attached exhibits and Defendant's First Request to Plaintiff for Admissions (December 15, 1981) (hereafter Admissions) to which plaintiff has failed to respond. Because plaintiff failed to serve upon defendant written answers or objections within 30 days of service of its request for admissions, the requested admissions are deemed admitted. Fed.R.Civ.P. 36(a).

On July 11, 1978, approximately 11 days after his discharge, plaintiff wrote to the Department of Labor in Washington, D.C.,

and requested advice about his legal rights. Admissions Exhibit A. Although the bulk of the letter dealt with plaintiff's concerns over his pension rights, plaintiff also stated that the defendant hired a younger less qualified person to replace him and that he thought defendant discharged him because of his "age and high salary." On July 25, 1978, the Labor-Management Services Administration of the Department of Labor by letter advised plaintiff to contact and supply details to its Charlotte, North Carolina, office regarding his pension concerns. Admissions Exhibit B. The letter also suggested that plaintiff could contact the Division of Equal Pay and Employment Standards, Branch of Age Discrimination, in Washington, D. C. concerning his age discrimination allegation.

On August 25, 1978, the Employment Standards Administration (hereafter ESA) of the Department of Labor in Greensboro, North Carolina, by letter informed plaintiff that it had received information about practices which plaintiff believed to be unlawful age discrimination. Admissions Exhibit C. The ESA advised plaintiff that it would notify the defendant of plaintiff's "charge" unless within 10 days plaintiff advised in writing that he did not want such notification. Moreover, the agency informed plaintiff that if he chose to "remain anonymous" (*i.e.*, not notify defendant), then he could lose his rights to bring a private action. Enclosed with this letter was a pamphlet concerning plaintiff's rights and responsibilities under the ADEA.

On September 6; 1978, the ESA wrote to plaintiff and confirmed his request of September 1, 1978, that defendant *not be notified* about his charge of age discrimination. Admissions ¶ 4(c) & Exhibit D. In this letter the agency advised plaintiff that it would take no action and referred plaintiff to "certain requirements with specific time periods governing the circumstances under

---

1. Plaintiff has not responded to the defendant's summary judgment motion. On January 15, 1982, the Clerk of Court by letter reminded the plaintiff of his failure to file a response as provided by Local Rule 21(g) and informed the plaintiff that he would refer the motion to the Court as unopposed on January 25, 1982. Local Rule 21(n) provides that failure to respond will result in the motion being considered as an uncontested motion. Still, the Court may not grant the motion unless it has merit.

which an individual may file his own suit under the [ADEA]." Finally, the agency wrote that the information submitted by plaintiff was not "considered a notice of intent to file suit, or charge, to the Secretary of Labor."

Plaintiff took no other action concerning his claim of age discrimination until May or June, 1980, when he filed a charge with the Equal Employment Opportunity Commission in Milwaukee, Wisconsin, which referred the charge to the Wisconsin Department of Industry, Labor, and Human Relations. Admissions ¶¶ 5(c) & 6; Hoffman Affidavit ¶¶ 3, 4, & 6. Defendant received no notice of any charge of age discrimination by plaintiff until June 25, 1980. Hoffman Affidavit ¶ 3. The state agency dismissed the complaint as not being timely filed. Hoffman Affidavit ¶ 7 & Exhibit 4.

Section 626(d) of Title 29, United States Code, requires a complainant to file a charge with the Secretary of Labor[2] within certain time limitations of 180 or 300 days after the alleged unlawful employment practice (*i.e.*, plaintiff's discharge) before a civil action may be commenced under the ADEA. *Thomas v. Blue Cross Blue Shield of North Carolina*, 449 F.Supp. 1021 (M.D. N.C.1978). Prior to the 1978 amendments to the ADEA, Pub.L. 95–256, section 626(d) required a complainant to file a "notice of intent to sue" rather than a "charge" of age discrimination. This change was meant to expand complainants' rights under the ADEA and make more flexible the notice requirement of section 626(d) so as to avoid having complainants' efforts frustrated by failing to identify or mention an "intent to sue." *Pirone v. Home Insurance Co.*, 507 F.Supp. 1281 (S.D.N.Y.1981); *Scaramuzzo v. Glenmore Distilleries, Co.*, 501 F.Supp. 727 (N.D.Ill.1980). However, the requirement that a charge or notice be filed within 180 or 300 days of the alleged unlawful act has remained unchanged. The May 28, 1980, charge was filed almost two years after plaintiff's discharge and, consequent-

ly, was clearly untimely. Thus, the question before the Court is whether plaintiff's July 11, 1978, letter may serve as a charge or notice of intent to sue.

One purpose of section 626(d) is "to insure that potential defendants will become aware of charges against them reasonably soon after the alleged discrimination takes place which in turn hopefully promotes good faith negotiation by employers and the preservation of evidence and records." *McCrickard v. Acme Visible Records, Inc.*, 409 F.Supp. 341, 343 (W.D.Va.1976). Also, this provision of the ADEA provides the Secretary an "opportunity to invoke appropriate conciliatory and mediative action to avert litigation and to alert the Secretary of cases of widespread implication . . . ." *McCrickard v. Acme Visible Records, Inc.*, 409 F.Supp. at 343; *see also* H.R.Rep.No. 95–950, 95th Cong., 2d Sess. 12, *reprinted in* [1978] U.S.Code Cong. & Ad.News 504, 528, 534 (purpose is to provide the Secretary of Labor with sufficient information so that he may notify potential defendants and have an opportunity for conciliation).

■ Although the ESA and other agencies were sensitive to plaintiff's allegation of age discrimination and provided him on more than one occasion with information about his rights and responsibilities under the ADEA, the plaintiff requested the ESA to take no action concerning his age claim. Consequently, defendant received no notice of plaintiff's allegations until almost two years after his discharge. Since the plaintiff completely frustrated the purposes and function of section 626(d) by his request, his letter of July 11, 1978, cannot serve as a notice of intent to sue or a charge of discrimination. *Mayor v. Western Electric Co.*, 487 F.Supp. 84 (W.D.Mo.1980).

■ The circumstances of this case do not give rise to a factual issue concerning whether equitable tolling is justified. There is no evidence of any conduct by defendant warranting tolling. Although the ESA generally referred to the informa-

---

**2.** The functions vested in the Secretary of Labor pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34, have been transferred to the Equal Employment Opportunity Commission. 5 U.S.C.App. II, Reorganization Plan No. 1 of 1978, §§ 2 & 9.

tion it received as a "charge" in its letter of August 25, 1978, the agency informed plaintiff on September 6, 1978, that it did not consider the information submitted by defendant as a notice of intent to file suit or charge to the Secretary of Labor under the ADEA. Plaintiff had specifically requested the ESA to take no action. Also, the agency provided plaintiff with documents discussing the time requirements to which the agency made specific reference in its September 6 letter. When plaintiff received this letter of September 6 he still had months in which to file a charge or give notice of his intent to sue.

The defendant has presented convincing evidence showing that no issue of material fact exists as to the untimeliness of plaintiff's filing of a charge with the Secretary and that it is entitled to judgment as a matter of law. The plaintiff, who is represented by counsel, has failed to respond to the motion. *See* Fed.R.Civ.P. 56(e). Hence, defendant's motion for summary judgment will be granted. Fed.R.Civ.P. 56(c).

IT IS, THEREFORE, ORDERED that Defendant's Motion for Summary Judgment be, and the same hereby is, GRANTED.

A Judgment dismissing this action will be entered accordingly.