Robert L. GRAY, Plaintiff,

v.

MORTGAGE BANKERS ASSOCIATION OF AMERICA, INC., Defendant.

Civ. A. No. 79–1982.

United States District Court, District of Columbia.

June 24, 1980.

Lawrence J. Speiser, Washington, D. C., for plaintiff.

John E. Vanderstar, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

Before the Court is the motion of defendant Mortgage Bankers Association of America, Inc., to dismiss this action because of the alleged failure of plaintiff Robert L. Gray to comply with the prerequisites for filing suit under the Federal Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. §§ 621–634. More specifically, defendant charges that plaintiff's claim is now barred because he failed to provide notice to the United States Department of Labor of his intent to sue defendant for unlawful employment discrimination on account of age within 300 days of the alleged discrimination, as is required by section 626(d) of title 29. After careful consideration of defendant's motion to dismiss and plaintiff's response thereto, the Court will grant the motion and dismiss this action, with prejudice.

29 U.S.C. § 626(d) is the focus of the parties' contentions, and provides in pertinent part:

> No civil action may be commenced by any individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (2) In a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.[1]

In this instance, the charge of discrimination was filed with the Secretary of Labor on January 27, 1979, meaning that the "alleged unlawful practice" had to have occurred on or after April 2, 1978, in order for this charge to meet the 300-day requirement of section 626(d)(2).

While there is authority to the effect that the date of official termination, without regard to the date the employee ceases to perform any services for his employer, is the date from which the time for filing a charge with the Secretary of Labor begins to run, *see, e. g., Moses v. Falstaff Brewing Corp.*, 525 F.2d 92, 94 (8th Cir. 1975), the Court is persuaded that the bet-

---

1. As section 633(b) applies when a jurisdiction, such as the District of Columbia, D.C.Code § 6–2221 (Supp. V 1978), has laws prohibiting age discrimination in employment, the 300-day filing requirement of section 626(d)(2) is applicable here.

ter reasoned approach is that which recognizes the 300-day period begins when "the employee knows, or as a reasonable person should know, that the employer has made a final decision to terminate him, and the employee ceases to render further services to the employer." *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 192 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). In this case, although plaintiff, at the insistence of the defendant's new executive vice president, submitted a letter of resignation on January 9, 1978, to be effective April 30, 1980, and continued to receive his paychecks until that April date, by plaintiff's own admission it is apparent that on January 9, 1978, he was aware he was being terminated and after January 1978 he ceased to come to the office and performed no further services for defendant. Deposition of Robert L. Gray, at 45, 48, 51 (filed Mar. 4, 1980). As of January 1978, therefore, plaintiff knew, or should have known as a reasonable person, that a final decision had been made to terminate him and he ceased to perform services for his employer, causing the 300-day period under section 626(d)(2) to commence. In addition, while courts have recognized that the 300-day limitation in the filing of a charge is subject to equitable tolling, *see, e. g., Bonham v. Dresser Industries, Inc., supra*, 569 F.2d at 192; *Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1260–61 (10th Cir. 1976), *aff'd per curiam by an equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), such tolling is not applicable here. Plaintiff, an individual of obvious intelligence and business acumen, has failed to produce any evidence of an attempt by defendant to conceal its allegedly discriminatory actions. Further, the Court, while aware of the humanitarian purposes of the ADEA, finds plaintiff's assertion that the 300-day period should have been tolled until he retained counsel in June 1978 without merit. To decide otherwise would have the detrimental effect of encouraging those who feel they have been the victims of age discrimination to delay seeking aid to remedy that illegal act and render section 626(d)(2) meaningless.

Accordingly, by delaying the filing of his charge with the Secretary of Labor until January 27, 1979, plaintiff failed to meet the requirements of section 626(d)(2), precluding his institution of this action. An appropriate order granting defendant's motion to dismiss accompanies this memorandum opinion.