Betty J. MOSES, Appellant,

v.

FALSTAFF BREWING CORPORA-
TION, a Delaware Corporation,
Appellee.

No. 75–1407.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1975.

Decided Nov. 4, 1975.

James P. Finnegan, Jr., St. Louis, Mo., for appellant.

Jerome M. McLaughlin, St. Louis, Mo., for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

The sole issue raised in this appeal is whether the appellant has complied with a notice requirement of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626(d).

Appellant, Betty J. Moses, instituted this action on December 17, 1974, in the district court[1] against her former employer, Falstaff Brewing Corporation, based on a claim of age discrimination. She alleged that Falstaff had discriminated against her in various ways, which included her discharge from employment with Falstaff on November 30, 1973. The district court granted the defendant's motion for summary judgment since it found appellant had failed to give notice to the Secretary of Labor of her intent to file a private suit within 180 days of the alleged unlawful practice as required by the Act. 29 U.S.C. § 626(d). We reverse and remand to the district court for trial.

Betty J. Moses was employed by Falstaff in 1951, and she served the company continuously in several capacities until her termination at the age of 48. Falstaff advised appellant of her discharge from employment on November 12, 1973. Her final day of work was November 16, 1973, but she was paid, apparently for accrued vacation time, through November 30, 1973. While Ms. Moses did not work after November 16, 1973, she was scheduled to be on vacation the following week, which was Thanksgiving week, and she ultimately was told to take an additional week as part of her vacation. Notably, Ms. Moses was officially terminated for administrative purposes of the company on November 30, 1973. On May 24, 1974, she provided the Secretary of Labor with written notice of her intent to file suit.

The exclusive issue is whether the notice was timely. No civil action may be commenced by an individual under the Age Discrimination in Employment Act unless the Secretary of Labor is given notice of the individual's intent to file suit within 180 days after the alleged unlawful practice.[2] The appellant contends that the unlawful practice should be measured from November 30, 1973, when she was terminated for administrative purposes, which would make the notice timely. Appellee, however, asserts that the discharge resulted on November 12, 1973, when Ms. Moses was advised she no longer had a job, which would prevent the notice from being timely. Appellee's alternative contention, that the discharge occurred on appellant's last day of work on November 16, 1973, similarly would make the notice untimely. Falstaff regards the November 30, 1973 date, as an arbitrary one chosen for administrative convenience. This is a case of first impression. We must determine on which date the alleged unlawful practice occurred.

The Age Discrimination Act is remedial and humanitarian legislation. It is to be construed liberally to achieve its purpose of protecting older employees from discrimination. *See Woodford v.*

---

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

2. The relevant statute provides:

No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred.

\* \* \* \* \* \*

Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

29 U.S.C. § 626(d).

*Kinney Shoe Corp.*, 369 F.Supp. 911, 914–15 (N.D.Ga.1973). A procedural requirement of the Act, of doubtful meaning in a given case, should not be interpreted to deny an employee a claim for relief unless to do so would clearly further some substantial goal of the Act. *Id.* at 914–15. The similarity between Title VII of the Civil Rights Act[3] and the Age Discrimination Act should also be recognized. *Hodgson v. First Federal Savings & Loan Ass'n*, 455 F.2d 818, 820 (5th Cir. 1972). Procedural ambiguities in Title VII's statutory framework have been resolved most frequently in favor of the complaining party. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 461 (5th Cir. 1970).

Most courts have regarded a timely filing of notice of intent to sue as a jurisdictional requirement.[4] *See, e. g., Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485, 487–88 (5th Cir. 1974). *Cf. Hinton v. CPC International, Inc.*, 520 F.2d 1312, 1315 (8th Cir. 1975).

■ In light of the liberal construction given to this type of legislation, we do not believe the appellant's efforts in this case constituted a failure to file a timely notice. In *Woodford v. Kinney Shoe, supra*, 369 F.Supp. at 915, the court noted:

> The persons making complaints to · the [Labor] Department will in the most part not be lawyers; they should not be compelled to adhere to strict rules of pleading merely to preserve their right to come to court to enforce their right to be free of discrimination employment because of their age. If they are to be able to enforce the Age Discrimination Act, their complaints should be construed not narrowly and technically, but broadly and liberally.

The Act's failure to define the specific time when an alleged unlawful practice occurs is tantamount to a procedural ambiguity which should be construed in favor of the complaining party. *See Woodford v. Kinney Shoe Corp., supra*, 369 F.Supp. at 914–15.

■ It is not clear that the interpretation of the Act promoted by Falstaff would further some substantial goal of the Age Discrimination Act. The 180-day notice requirement is intended to serve the purposes of the Act by insuring that the Secretary of Labor is called in for conciliation purposes when disputes are fresh and by informing the employer of his employee's intentions at an early date. *Brennan v. Ace Hardware Co.*, 495 F.2d 368, 374 (8th Cir. 1974). *See also Powell v. Southwestern Bell Telephone Co., supra*, 494 F.2d at 488. We cannot find, however, that the appellee's interpretation would clearly further these goals since in many instances, as in the instant case, the time between notice of discharge and administrative termination could be so small as to be inconsequential. Furthermore, adoption of the rule advocated by the appellant could be helpful in future litigation. The date of official termination would seem more easily ascertainable since in some cases it might be difficult to determine when oral notice of discharge was given to an employee. Likewise, official administrative termination eliminates ambiguity as to the finality of the discharge.

■ We reject appellee's contention that the appellant's deposition conclusively establishes that she was discharged for purposes of the notice requirement on November 12, 1973. The facts are clear, and Ms. Moses should not be bound by her interpretation of them. Falstaff's pattern of correspondence with Ms. Moses also supports the adoption of November 30, 1973, as the

---

**3.** 42 U.S.C. § 2000e–1 et seq.

**4.** There is a conflict among the courts as to the effect of this requirement and its counterpart in Title VII, 42 U.S.C. § 2000e–5(e). Some courts have found these requirements to be directory and for good cause have allowed suit even in the absence of compliance. *Antonopulos v. Aerojet-General Corp.*, 295 F.Supp. 1390 (E.D.Cal.1968). Others have compared the requirements to statutes of limitations and have allowed defendants to waive objection to non-compliance. *Reeb v. Economic Opportunity Atlanta*, 516 F.2d 924 (5th Cir. 1975).

critical date in this case. A service letter addressed by Falstaff to Ms. Moses establishes the duration of her employment as extending from August 27, 1951, until November 30, 1973. That termination date was likewise utilized for personnel record purposes, severance pay, vacation benefits, hospitalization, life insurance, disability insurance coverage, pension plan rights, seniority rights, and other fringe benefits associated with her employment with Falstaff.

In the instant case, although notice of discharge was transmitted on November 12, 1973, it was not fully implemented until the appellant's official termination on November 30, 1973. We hold that the appellant has fully complied with the notice requirement of the Age Discrimination Act. We reverse and remand for trial.