**Ralph A. NIELSEN, Plaintiff-Appellant,**

v.

**WESTERN ELECTRIC COMPANY, INC., Defendant-Appellee.**

**No. 78–1900.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1979.

Decided Aug. 24, 1979.

Thomas G. Kokoruda, Shughart, Thomson & Kilroy, Kansas City, Mo. (argued), R. Lawrence Ward and George A. Barton, Kansas City, Mo., on brief, for plaintiff-appellant.

Sandra L. Schermerhorn, Spencer, Fane, Britt & Browne, Kansas City, Mo., (argued), and Jack L. Whitacre, Kansas City, Mo., on brief, for defendant-appellee.

Before LAY and HEANEY, Circuit Judges, and DEVITT, Chief District Judge.*

---

DEVITT, Chief District Judge.

Plaintiff appeals from the district court's entry of summary judgment finding his claim of discriminatory demotion in employment on account of age to be barred by failure to file a notice of intent to sue within the statutorily required 180 day period and from its ruling that neither damages for pain and suffering nor punitive damages are recoverable under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* We affirm.

Plaintiff started employment at Western Electric on January 7, 1957 as a planning engineer and worked up to department chief. He was demoted on August 15, 1975 to senior engineer, Quality Control, and was thereafter, on several occasions, denied voluntary layoff status.[1] He filed notice of intent to sue with the Secretary of Labor on August 31, 1976, more than one year after his demotion. The statute, 29 U.S.C. § 626(d)(1), requires the notice to be filed within 180 days.[2]

Plaintiff alleged that his demotion and inability to obtain voluntary layoff status were part of a continuing pattern of discrimination and therefore the 180 day notice period did not begin to run until August 2, 1976, the time when Nielsen was last denied voluntary layoff status.[3] Alternatively, plaintiff alleged that equitable considerations justify the tolling of the notice period until August 2, 1976. Plaintiff prayed for actual and liquidated damages as well as punitive damages for pain and suffering.

Defendant moved for summary judgment or, alternately, to strike or dismiss those portions of the complaint based on Nielsen's demotion, claiming such was barred because Nielsen failed to timely file his notice of intent to sue. Defendant also moved to

---

* Edward J. Devitt, Chief Judge, District of Minnesota, sitting by designation.

1. Voluntary layoff was a program under which, prior to a forced reduction in personnel, employees were given the opportunity to leave, receiving a specified amount of pay as separation pay.

2. Section 626(d) provides, inter alia,

No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days notice of an intent to file such action. Such notice shall be filed—
(1) within one hundred and eighty days after the alleged unlawful practice occurred.

3. This issue was not raised on appeal and is not addressed in this opinion.

strike claims for pain and suffering and punitive damages on grounds that such damages are not recoverable under the Act.

The district court treated plaintiff's claims based on his demotion and the company's refusal to grant him voluntary lay-off status as separate claims. After a full trial-type evidentiary hearing on whether the notice was timely filed, the district court granted Western Electric's motion for summary judgment.

The district court also granted Western Electric's motion to strike the claims for punitive damages and for pain and suffering on the grounds that such damages are not recoverable under the Act.[4] Nielsen's remaining claim based on Western Electric's refusal to grant voluntary layoff status was tried to a jury on November 13, 14 and 15, 1978. It returned a verdict for defendant. The judgment based on that verdict is not challenged on this appeal.

■ In ruling on Nielsen's claim that equitable considerations require tolling the 180 day notice period, the district court correctly concluded that the notice requirement is not jurisdictional but is similar to a statute of limitations and therefore subject to equitable tolling. *See, e. g., Kephart v. Institute of Gas Technology*, 581 F.2d 1287 (7th Cir. 1978); *Reich v. Dow Badische Co.*, 575 F.2d 363 (2d Cir. 1978); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir. 1978); *Charlier v. S.C. Johnson & Son, Inc.*, 556 F.2d 761, 765 (5th Cir. 1977); *Dartt v. Shell Oil Company*, 539 F.2d 1256 (10th Cir. 1976), aff'd by an equally divided court, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977).

■ While summary judgment under Rule 56 is intended for the disposition of legal issues where "there is no genuine issue as to any material fact," and it would be improper to grant summary judgment where questions of fact exist on the issue of tolling the 180 day notice requirement, *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d. Cir. 1978), we do not view the proceeding below as one for summary judgment. The record reflects that both parties treated the proceeding as a trial on the factual issues underlying plaintiff's claim for equitable tolling.[5] Plaintiff testified under oath and was subject to cross examination; objections were made and ruled on. Plaintiff's counsel conceded at oral argument that he presented all available evidence in support of his position.

■ Since all the evidence on the issue of equitable tolling was presented and argued, we consider the district court proceeding to have been a hearing in the nature of a trial on that issue. There is no reason why parties cannot agree to try certain issues on the merits and if the parties have done so, we properly may treat such proceeding as a trial on those issues even though cast in the form of a motion for summary judgment. *Starsky v. Williams*, 512 F.2d 109 (9th Cir. 1975); *Gillespie v. Norris*, 231 F.2d 881 (9th Cir. 1956); *Tripp v. May*, 189 F.2d 198 (7th Cir. 1951).

■ Because we treat the lower court proceeding as a trial on the factual issues underlying Nielsen's claim for equitable tolling, we are bound by the findings of the district court unless they are clearly erroneous. Fed R. Civ.P. 52(a); *Layne-Minnesota p. r., Inc. v. Singer Co.*, 574 F.2d 429 (8th Cir. 1978).

The district court found that Nielsen "had sufficient facts in the fall of 1975 from which he could have determined that the company might be guilty of age discrimination." (Briefs, Joint Appendix at p. 24.) The district court found that Nielsen's failure to file was not due to the employer's concealment, misrepresentation or failure to post adequate notice. Based on those findings, the district court concluded that Niel-

---

4. Since we affirm the district court's ruling that Nielsen's claim was barred by his failure to timely file a notice of intent to sue, we do not address the issue of what damages are recoverable under the Act.

5. Indeed, Nielsen characterized the district court proceeding as an evidentiary hearing on the issues underlying his claim. (Appellant's Brief at p. 5).

sen failed to establish adequate reason to toll the 180 day notice period. Id. at 25.

█ We conclude that the findings of the trial court are not clearly erroneous and that it properly applied the law. There are sufficient facts in the record from which the trial court could conclude that plaintiff was generally aware of his cause of action at the time he was demoted. Plaintiff is well educated (Joint Appendix at p. 54); he had attended educational seminars, lectures and meetings in employment discrimination laws including the ADEA; he had read and was generally familiar with the provision of the ADEA prior to his demotion. Id. at 73–74. Plaintiff also admitted on cross-examination that he reported to a man of his former rank, Id. at 55; that he had lost all his supervisory and administrative responsibilities, Id. at 56; that his new duties previously had been performed by a man below his former rank, Ibid; and that within two weeks after his demotion he knew and understood that he had been demoted. Id. at 57. He also admitted that in the fall of 1975 he knew that a number of the other department chiefs who had been demoted were over the age of 40. Id. 62. The district court's findings are well supported by the record.

The judgment of the district court is AFFIRMED.