Melvin **LARSON**, Appellant,

v.

**AMERICAN WHEEL AND BRAKE, INC.**, Appellee.

No. 79–1149.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1979.

Decided Dec. 4, 1979.

Roger James Minch, Tenneson, Serkland, Lundberg, Erickson, Leclerc & Marcil, Fargo, N. D., argued, Frederick D. Kraemer and Jack G. Marcil, Fargo, N. D., on brief, for appellant.

Maurice G. McCormick, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, N. D., argued, Beryl J. Levine, Fargo, N. D., on brief, for appellee.

Before STEPHENSON and McMILLIAN, Circuit Judges, and HANSON,* Senior District Judge.

* The Honorable William C. Hanson, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

STEPHENSON, Circuit Judge.

The issues presented in this appeal are (1) whether the time limitation requirement for the Notice of Intent to Sue under the Age Discrimination Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq., is a statute of limitations and thus subject to equitable tolling principles or a jurisdictional prerequisite and thus not subject to such principles, and (2) if the circumstances in this case are such that equitable tolling would be appropriate. Because we hold that equity does not demand nor would it allow tolling of the time limitations period in this case, it is not necessary for us to address the first issue. The district court [1] is affirmed.

The district court treated defendant-appellee American Wheel and Brake, Inc.'s motion for judgment on the pleadings as one for summary judgment and found that the time period was jurisdictional, that appellant-plaintiff Larson had not complied with it, that the district court was thus without jurisdiction, and dismissed the complaint with prejudice. In its memorandum, *Larson v. American Wheel & Brake, Inc.,* Civ. No. A77–3060 (D.N.D. Jan. 26, 1979), the court also noted that even if the notice time requirement was subject to equitable modification, Larson had not shown any equitable circumstances that would require tolling the time period.

The equitable circumstances urged by Larson before the district court to require a tolling are included in a summary of the factual circumstances considered on this appeal inasmuch as the facts must be construed most favorably to the appellant, Larson.

Larson was employed by American Wheel and Brake on April 7, 1969; he was fired on December 10, 1976 and replaced by a younger man who was paid substantially less than Larson. We shall and must assume the dismissal was on the basis of age discrimination.

Towards the end of May 1977, Larson contacted the North Dakota Employment Security Bureau in Fargo and told that office that he believed that he was terminated because of his age.

On June 7, 1977, the limitations period of Larson's complaint to be filed with the Department of Labor expired.[2] After that date, the North Dakota Employment Security Bureau informed Larson that he should contact the Department of Labor. Larson did this on July 25, 1977, after he had obtained counsel and a formal Notice of Intent to Sue was dated August 8, 1977.

The Department of Labor did attempt voluntary reconciliation between American Wheel and Brake and Larson, but failed.

Larson argues that American Wheel and Brake's motion for judgment on the pleadings addressed itself solely to the issue of whether the 180–day period was jurisdictional. When Larson responded to the motion, he filed an affidavit, setting forth his efforts to file a complaint alleging age discrimination. The district court then notified the parties by an order filed on December 12, 1978, that American Wheel and Brake's motion for judgment on the pleadings would be treated as a motion for summary judgment.

On January 29, 1979, the district court granted summary judgment to American Wheel and Brake.

■ It is Larson's contention that he was misled, and that he believed that the only issue to be decided on the summary judgment was whether the 180–day limitations period was jurisdictional. Thus, he did not believe it necessary to allege his equitable circumstances at that time.

1. The Honorable Paul Benson, Chief Judge of the United States District Court for the District of North Dakota.

2. 29 U.S.C. § 626(d)(1) provided:
   (d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
   (1) within one hundred and eighty days after the alleged unlawful practice occurred,
   * * *.
   This section has since been amended, effective April 6, 1978.

The purpose of a motion for summary judgment is to test the intrinsic merits of the case and to determine prior to trial whether the parties have a real basis for relief or defense. Such a motion is not a substitute for trial, and where the record, examined in the light most favorable to the nonmoving party, shows any material facts or factual inferences in dispute, * * * summary judgment is inappropriate.

*   *   *   *   *   *

The summary judgment procedure does place some obligations on the nonmoving party and does not permit that party to rest on his pleadings or on the plea that he may bring forth opposing facts through further discovery or at trial.

*Gossett v. Du-Ra-Kel Corp.,* 569 F.2d 869, 871, 873 (5th Cir. 1978).

■ The extent and effect of a motion for summary judgment does not change because the trial judge chooses to treat a motion for judgment on the pleadings as one for summary judgment; "[t]he very purpose of the summary judgment procedure is to pierce the veil of the pleadings." *Lyons v. Board of Ed.,* 523 F.2d 340, 346 (8th Cir. 1975). We also stated in *Lyons*:

> [W]hile pleadings are to be construed liberally in favor of the pleader on a motion to dismiss or for judgment on the pleadings, when such a motion is turned into a motion for summary judgment the party opposing summary judgment must normally disclose the merits of his case or defense; and his failure to do so ends his entitlement to the rule of liberally construing the pleadings in his favor. (Footnotes omitted.)

*Id.* at 346, *quoting from* 6 Moore's Federal Practice § 56.22[2], at 282 (2d ed. 1974). *See generally id.* at 346–47.

Further, the record clearly reflects that Larson was given specific notice of the scope of the summary judgment. The district court stated in its notice to the parties that the motion for judgment on the pleadings would be treated as one for summary judgment and that:

*Plaintiff has filed a brief in opposition to the motion, contending that under the facts of this case the Act's notice requirement should be tolled.* An affidavit of plaintiff Melvin Larson has been submitted in support of plaintiff's position.

The court hereby notifies the parties that defendant's motion for judgment on the pleadings will be treated as a Rule 56 motion for summary judgment. * * *

IT IS ORDERED the parties shall have until and including December 29, 1978, to file any additional materials to be considered in the disposition of defendant's motion for judgment on the pleadings, which motion will be treated as a Rule 56 motion for summary judgment.

Order in *Larson v. American Wheel & Brake, Inc.,* No. A77–3060 (D.N.D. Dec. 12, 1978) (emphasis added).

Finally, American Wheel and Brake's motion for judgment on the pleadings considered alone raises the issue of barring the action on the basis of the limitations period, and does not specifically purport to limit the issue to whether the 180–day period for filing is jurisdictional or not. The motion states:

### I.

Based upon the allegations contained in the plaintiff's complaint, the defendant is entitled to judgment as a matter of law.

### II.

The defendant is entitled to judgment as a matter of law on the grounds that the plaintiff failed to file a Notice of Intent to Sue with the Secretary of Labor within 180 days after the alleged discriminatory act occurred as required by the Age Discrimination Statute 29 U.S.C.A. 626(d)(1).

The affidavit filed by Larson in response states:

> I personally contacted the North Dakota Employment Security Bureau in Fargo, North Dakota at the end of May, 1977. That was within 180 days from termination. I reported to them that I

believed I was terminated because of my age. Some time later in July of 1977, I was advised by the North Dakota Employment Security Bureau that I should contact the Denver office of the United States Department of Labor. I then talked to them and on July 25, 1977, I was interviewed by the Labor Department representative, David Birchem * *.

The affidavit clearly fails to adequately respond to a motion for summary judgment, yet after being notified of the court's intention to treat the motion as one for summary judgment, Larson still did not offer additional information to the district court from which an inference could be drawn that there were equitable circumstances that would allow or require tolling of the limitations period.

Assuming all facts presented to the district court which were favorable to Larson as true,[3] we affirm the district court's holding that Larson has failed to allege equitable circumstances that would justify tolling the limitations period.

■ We begin our analysis with the principle that ignorance of legal rights does not toll a statute of limitations. *Quina v. Owens-Corning Fiberglas Corp.,* 575 F.2d 1115, 1118 (5th Cir. 1978). *See Howard v. Sun Oil Co.,* 404 F.2d 596, 601 (5th Cir. 1968); *Ashland Oil Co. v. Union Oil Co.,* 567 F.2d 984 (Temp.Emerg.Ct.App.1977), *cert. denied,* 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83

(1978); *Scroggin Farms Corp. v. McFadden,* 165 F.2d 10, 18–19 (8th Cir. 1948).

■■ Larson has alleged good faith efforts; but under the circumstances of this case, his allegations amount to no more than affirmative pleading of ignorance that his complaint needed to be filed with the Department of Labor. If we were to allow such an affirmative defense to toll the limitations period, we would effectively ignore the intent of the limitations period, which is, generally stated, to protect defendants against stale claims. *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 762, 99 S.Ct. 2066, 2074–75, 60 L.Ed.2d 609 (1979).

Noticeably missing from the record are any allegations that would justify, on an equitable basis, taking the limitations period protection away from American Wheel and Brake. Equity, in a pure sense, is as Justinian states, "to live honestly, to harm nobody, to render every man his due." Institutes 1, 1, 3. We obviously harm Larson if we bar his cause of action in this case; on the other hand, we harm American Wheel and Brake if we allow the cause of action. Thus, in balance, it appears that the tipping of the scales must be to "render every man his due."

■ Larson has not alleged (1) that his employer failed to post the appropriate notices concerning age discrimination as required by section 627 of the Act;[4] (2) that

---

**3.** On May 23, 1977, Larson apparently filed a charge of discrimination with the Denver, Colorado district office of the Equal Employment Opportunity Commission (EEOC). In a letter dated June 3, 1977, the Denver EEOC wrote to Larson stating that the EEOC needed more information to determine whether or not the EEOC had jurisdiction. That letter also stated:

> This Commission administers Title VII of the Civil Rights Act of 1964, as amended, which makes it unlawful for employers, unions, employment agencies, state or local governments, and educational institutions to discriminate in employment because of race, color, sex, religion, or national origin.

After the limitations period for Larson's complaint to be filed with the Department of Labor expired, Larson was informed by the EEOC that:

> Since your complaint may be a violation of the "Age Discrimination in Employment Act of 1967," we have referred your complaint to the U.S. Department of Labor, Wage and Hour Division, 379 U.S. Customs House, 721 19th Street, Denver, Colorado 80202. Your complaint may fall within their jurisdiction.

The charge filed by Larson with the EEOC and the subsequent correspondence Larson had with the EEOC were apparently not a part of the district court's record; Larson, however, has attached these materials to his brief.

American Wheel and Brake argues that this court cannot consider the exhibits as they were never presented to the district court. We agree. F.R.App.P. 10(a).

**4.** 29 U.S.C. § 627 provides:

> Every employer, employment agency, and labor organization shall post and keep posted

he was misled by the Department of Labor concerning the filing of his complaint; (3) that he was unaware of the facts that would give rise to his cause of action under the Act; (4) that he filed a state age discrimination suit thus giving notice to his employer; (5) that any affirmative conduct of American Wheel and Brake provides a basis for the tolling of the period—all of which have been mentioned by courts as equitable circumstances that might be considered concerning the issue of tolling a limitations period. *See respectively* (1) *Kephart v. Institute of Gas Technology,* 581 F.2d 1287, 1289 (7th Cir. 1978) and *Edwards v. Kaiser Aluminum & Chem. Sales, Inc.,* 515 F.2d 1195 (5th Cir. 1975); (2) *White v. Dallas Independent School Dist.,* 581 F.2d 556, 561–62 (5th Cir. 1978) and *Page v. U. S. Indus., Inc.,* 556 F.2d 346, 350–51 (5th Cir. 1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978); (3) *Bickham v. Miller,* 584 F.2d 736, 737–38 (5th Cir. 1978) and *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 930–31 (5th Cir. 1975); (4) *International Union of Elec. Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *Leake v. University of Cincinnati,* 605 F.2d 255 (6th Cir. 1979).

Nor does Larson allege any other facts that might create equitable circumstances that would require or allow tolling of the limitations period in this case.

Because we affirm the district court on the basis of its holding that Larson has not alleged or shown any circumstances which would justify tolling or estoppel in this case, it is not necessary for this court to discuss the issue of whether the 180–day period for filing with the Department of Labor a Notice of Intent to Sue under the Act is a jurisdictional prerequisite and not subject to tolling under equitable circumstances.

Generally, in Title VII cases, we have labelled the limitations period for filing the Notice of Intent to Sue with the EEOC as a

in conspicuous places upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter.

jurisdictional prerequisite. 42 U.S.C. § 2000e–5(e). *See Rudolph v. Wagner Elec. Corp.,* 586 F.2d 90, 91 (8th Cir. 1978), *cert. denied,* 441 U.S. 924, 99 S.Ct. 2033, 60 L.Ed.2d 397 (1979). Our court has not been faced with many ADEA cases involving the limitations period and we have only addressed the issue in dictum. *Compare Moses v. Falstaff Brewing Corp.,* 525 F.2d 92, 94 (8th Cir. 1975) ("Most courts have regarded a timely filing of notice of intent to sue as a jurisdictional requirement.") *with Nielsen v. Western Elec. Co.,* 603 F.2d 741 (8th Cir. 1979) ("the district court correctly concluded that the notice requirement is not jurisdictional but is similar to a statute of limitations and therefore subject to equitable tolling"). *See also Evans v. Oscar Mayer & Co.,* 580 F.2d 298 (8th Cir. 1978) and the Supreme Court decision reversing it, *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979) (issue of whether filing charges with Iowa Civil Rights Commission as required by section 633(b) of the Act is a jurisdictional prerequisite).

The district court is affirmed.

McMILLIAN, Circuit Judge, concurring:

I concur in Judge Stephenson's opinion. Appellant Larson has neither alleged nor shown any circumstances which would justify the exercise of equity. I write only to emphasize that the question whether the statutory period under the ADEA is jurisdictional or a statute of limitations has been left open by Judge Stephenson.

Pub.L. 90–202, § 8, Dec. 15, 1967, 81 Stat. 605.