Joseph J. HRZENAK, Plaintiff,

v.

**WHITE–WESTINGHOUSE APPLIANCE
CO., Defendant.**

**No. 79–0712–CV–W–1.**

United States District Court,
W. D. Missouri, W. D.

April 7, 1981.

Charles C. Shafer, Jr., Kansas City, Mo.,
for plaintiff.

Charles W. German, Stinson, Mag & Fizzell, Kansas City, Mo., for defendant.

MEMORANDUM AND ORDER

OLIVER, Senior District Judge.

I.

This case pends on defendant's January 7, 1980 motion for partial summary judgment directed to Count I of plaintiff's complaint which prays for $763,244.97 damages for alleged violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* Defendant's motion alleges that plaintiff failed to comply with administrative filing requirements of the Act, 29 U.S.C. § 626(d).

The virtually undisputed factual circumstances are established by the parties' stipulation of fact as included in Standard Pretrial Order No. 2, by a post-hearing stipulation filed March 10, 1981, and by the testimony and other evidence adduced at a plenary evidentiary hearing held March 4, 1981 at which both sides adduced all evidence which they believed to be relevant and material to the legal questions presented. After consideration of the briefs in support and in opposition, we find and conclude that defendant's motion for partial summary judgment directed to Count I should be granted.

II.

Count I of plaintiff's complaint alleges a claim under the Age Discrimination in Em-

ployment Act (ADEA), 29 U.S.C. §§ 621, *et seq.* Section 626(d) of 29 U.S.C., as amended effective April 6, 1978, provides in part that:

> No civil action may be commenced by an individual under [the ADEA] . . . until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—
>
> (1) within 180 days after the alleged unlawful practice occurred; or
>
> (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.[1]

There has never been any question about the fact that plaintiff did not file a charge[2] within 180 days after the occurrence of the alleged unlawful practice as provided in Section 626(d). The files and records in this case show, however, that the parties were in apparent disagreement in regard to whether a failure to comply with Section 626(d) should be considered jurisdictional or whether such a failure could be considered not to be jurisdictional and therefore subject to equitable tolling.

The only Eighth Circuit case cited by defendant in its brief in support of its pending motion was *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92 (8th Cir. 1975). Although that case reversed the district court's grant of a motion for summary judgment, it recognized a conflict in the authorities and suggested, by way of dictum, that "[m]ost courts have regarded a timely filing of notice of intent to sue as a jurisdictional requirement" *Id.* at 94.

Plaintiff, on the other hand, cited and relied in his brief in opposition upon Judge Bownes' opinion in *Skoglund v. Singer Company*, 403 F.Supp. 797 (D.N.H.1975), which concluded, after examination of the conflict of authority noted in *Moses,* that "Section 626(d) is not 'jurisdictional' in the strict sense and that it is a requirement subject to equitable modifications." Id. at 804.

It is important to note the position plaintiff took in regard to the factual circumstances of this case *before* the parties entered into the stipulation of facts contained in Standard Pretrial Order No 2 and *before* the plenary evidentiary hearing on defendant's pending motion was conducted March 4, 1981. Plaintiff argued in his brief filed *before* the stipulations were executed that the plaintiff's situation in this case was the same as plaintiff's situation in *Skoglund.* That situation was described by Judge Bownes in *Skoglund* at 403 F.Supp. 803 as follows:

> Plaintiff acknowledges that he was late in filing his intent to sue notice with the Secretary of Labor. However, he urges this court to obviate the required one hundred eighty day limit because defendant failed to comply with 29 U.S.C. § 627 which provides:
>
> > Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems ap-

1. Section 633(b) requires a plaintiff to pursue State remedies first in those States that have "a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice . . . ." Neither Kansas nor Missouri, the only two possibly relevant States, has enacted any such law. The distinction between the two time limits provided in section 626(d) is in any event immaterial for the reason that plaintiff did not file a charge until January 8, 1979, more than 300 days after the unlawful practice had allegedly occurred on October 14, 1977, the date plain-

tiff's resignation was accepted. See paragraphs III. 14. and III. 15. in Standard Pretrial Order No. 2.

2. Before Section 626(d) was amended in 1978, a plaintiff was required to file with the Secretary of Labor a "notice of an intent" to file a civil action. The 1978 amendment requires a plaintiff to file a "charge." Since the time limits of § 626(d) were unchanged by the 1978 amendment, the cases recognize that the change from the filing of a "notice of an intent" to the filing of a "charge" did not produce any material change in the statute.

propriate to effectuate the purposes of this chapter.

In addition to holding that Section 626(d) was not jurisdictional, Judge Bownes in *Skoglund* also found that "plaintiff's claim, if proven, is sufficient to toll the one hundred eighty day notification requirement." Id. at 805. Judge Bownes concluded by stating that:

> Whether defendant has failed to post notices as required by Section 627 is a factual question which must be determined before I finally rule on defendant's motion to dismiss. A hearing on this question must be held.

The judges of the Western District of Missouri, in recognition of the conflict between the result of *Moses v. Falstaff Brewing Corporation* and the Eighth Circuit's apparent approval in *Moses* of the rationale of *Powell v. Southwestern Bell Telephone Company*, 494 F.2d 485 (5th Cir. 1974), adopted procedures in ADEA cases under which full plenary evidentiary hearings were held in connection with motions that presented questions of whether a particular

plaintiff had complied with the filing requirements of the ADEA. *See Catlett v. Owens-Illinois, Inc.*, 454 F.Supp. 358 (W.D. Mo.1978), in which Judge Collinson, after full plenary evidentiary hearing, concluded that the 180-day time period was tolled under the circumstances of that case. *See also Nielsen v. Western Elec. Co., Inc.*, 603 F.2d 741 (8th Cir. 1979), in which the Court of Appeals affirmed Judge Clark's grant of defendant's motion for summary judgment based upon his determination, made after full plenary evidentiary hearing, that plaintiff had failed to establish any factual basis which would permit equitable tolling of the 180-day time period.[3]

### III.

Plaintiff's citation and reliance on *Skoglund v. Singer Company* and plaintiff's affidavit attached to the suggestions filed in opposition to defendant's pending motion made it·apparent that plaintiff might contend, on the facts, that defendant had not in fact posted the notice required by Section

---

**3.** The Court of appeals concluded in *Nielsen* that "[I]n ruling on Nielsen's claim that equitable considerations require tolling the 180-day notice period, the district court correctly concluded that the notice requirement is not jurisdictional but is similar to a statute of limitations and therefore subject to equitable tolling." In addition to cases from the Second, Third, Seventh, and Tenth Circuits, *Nielsen* relied on the Fifth Circuit case of *Charlier v. S. C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir. 1977). That more recent Fifth Circuit case noted that *Powell v. Southwestern Bell Telephone Co.* (which was cited with apparent approval by the Eighth Circuit in *Moses*) had been substantially modified by the Fifth Circuit's opinion in *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195 (5th Cir. 1975), decided a year after *Powell* was decided. *Charlier* accordingly reversed a district court's grant of summary judgment which was based on the notion that the 180-day period was "jurisdictional" and therefore not subject to tolling.

The most recent Eighth Circuit case, *Larson v. American Wheel and Brake, Inc.*, 610 F.2d 506 at 511 (8th Cir. 1979), suggests that the conclusion we have quoted in this footnote from *Nielsen* was only dictum and that the question of whether the 180-day period provided in Section 626(d) is jurisdictional or subject to equitable tolling is still an open question in the Eighth Circuit. Like Judge Hunter in *May-*

or *v. Western Elec. Co., Inc.*, 487 F.Supp. 84 (W.D.Mo.1980), we need not resolve that question, for it is clear that the Eighth Circuit's affirmance of the district court's dismissal of the plaintiff's complaint on jurisdictional grounds in *Larson* was based solely on the rationale that the factual circumstances presented in that case were such that "equity does not demand nor would it allow tolling of the time limitations in this case." Id. at 508.

We note in passing, however, that until the Fifth Circuit's recent en banc decision in *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir. 1981), it was as difficult to determine the rule of decision in the Fifth Circuit as it is in the Eighth Circuit. Both the panel opinion, written by Judge Goldberg and reported as *Coke v. General Adjustment Bureau, Inc.*, 616 F.2d 785 (5th Cir. 1980), and the Court en banc opinion, written by Judge Anderson with the concurrence of twenty-three judges (the other two judges concurred in result only) concluded that the notice period of the ADEA is not jurisdictional but subject to equitable tolling. Both the panel opinion, 616 F.2d at 789–90, and the Court en banc opinion, page 5041 of the March 23, 1981 slip opinion, read *Nielsen* as being in accord with that view and accordingly cited the Eighth Circuit's opinion in that case with approval.

627 of Title 29, United States Code.[4] Plaintiff's affidavit stated that:

> During my employment with White-Westinghouse, I "officed" out of my home. At no time was I furnished with any notice or poster advising me of my rights under the Old Age Discrimination Act.
>
> During my period of employment, I would be at my employer's central office on occasions. Never during any visit to my employer's local office did I ever see any such notice or posters.

Plaintiff's brief in opposition suggested that "the notice required by 29 U.S.C. § 627 had not been posted."

In our memorandum supporting our order setting defendant's pending motion for partial summary judgment for full plenary evidentiary hearing, we stated the following:

> Counsel are familiar with the fact that this Court has consistently refused to rule defendant's January 7, 1980 motion for partial summary judgment until after the parties would have agreed upon and filed Standard Pretrial Order # 2. Standard Pretrial Order # 2 was at long last agreed to and filed by the parties January 29, 1981. Among the factual circumstances agreed upon by the parties were the following:
>
> 1. The apparently agreed upon date of plaintiff's termination was October 14, 1977 (¶ 14, SPO # 2).
>
> 2. Plaintiff did not file a charge with the Department of Labor until January 8, 1979 (¶ 15, SPO # 2).
>
> 3. While plaintiff worked out of his home in Kansas and merely reported to defendant's Midwest Regional office, he was at that office during his period of employment on an occasional basis although he had no office space therein (¶ 9, SPO # 2 and ¶ 3 Plaintiff's Affidavit of January 21, 1980).
>
> 4. At all times relevant to this case, defendant's Midwest Regional sales office

had posted on its premises "the federally-required poster regarding employee rights under the Age Discrimination in Employment Act." (¶ 11, SPO # 2).

We are satisfied that under applicable law it would not be proper to rule defendant's January 7, 1980 motion for partial summary judgment on the basis of plaintiff's deposition; plaintiff's affidavit sworn to January 21, 1980 attached to plaintiff's January 22, 1980 suggestions in opposition to defendant's motion; and the factual data agreed to by the parties in Standard Pretrial Order # 2.

Rather, we are satisfied that we should follow procedures similar to those followed by Judge Clark in *Nielsen v. Western Elec. Co., Inc.*, (8th Cir. 1979) 603 F.2d 714, and by Judge Collinson in *Catlett v. Owens-Illinois, Inc.*, 454 F.Supp. 358 (W.D.Mo.1978).

We are familiar with the Eighth Circuit's recent refusal to put a jurisdictional label on the limitation period set forth in 29 U.S.C.A. § 626(d)(1), in *Larson v. American Wheel and Brake, Inc.*, 610 F.2d 506 (8th Cir. 1979). The Eighth Circuit concluded in that case, however, that the district court's dismissal of the ADEA action should be affirmed on the ground that the circumstances there presented could not support a finding of equitable tolling, a decision obviously consistent with *Nielsen's* express holding that "the notice requirement is not jurisdictional but is similar to a statute of limitations and therefore subject to equitable tolling."

Counsel are therefore to understand that both sides shall come to the scheduled pretrial conference fully prepared to adduce any and all evidence in support of their respective positions as to whether plaintiff's failure to meet the notice requirements set forth in the Act should or should not be subject to equitable tolling. The Court will expect that plaintiff will

---

4. Section 627 provides:

> Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a

notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter.

be prepared to offer in evidence the letters he wrote after his termination and the responses he received to those letters as that correspondence is discussed in conclusory language in the last two paragraphs of plaintiff's January 21, 1980 affidavit.

Counsel for the defendant will be expected to be able to offer in evidence the "federally-required poster regarding employee rights" which the parties have stipulated was posted in the defendant's Midwest Regional sales office during all relevant times in this litigation.

Paragraph 4 of the stipulation of facts contained in Standard Pretrial Order No. 2 eliminated any question of fact in regard to whether the Section 627 notice was in fact posted in defendant's regional sales office. The parties there agreed that the "federally-required" notice was in fact posted at all times relevant to this case. And plaintiff testified at the hearing that the "occasional" visits he made to defendant's regional office occurred at least once a month over a substantial period of time.

All possible controversy about the "federally-required" notice was eliminated by paragraph 4 of the post-hearing stipulation filed March 10, 1981 which provided that "[t]he poster within the envelope attached to this stipulation as Exhibit A is a correct replica of the 'federally required poster regarding employee rights under the Age Discrimination in Employment Act' that was at all times relevant to this case posted on defendant's Midwest Regional Sales office

premises." We are satisfied from the testimony of all the witnesses at the hearing that the notice was properly posted on the office bulletin board so that it would and could be seen by anyone who looked.[5]

The notice in this case, which the parties have stipulated was posted at all relevant times in defendant's regional sales office, shows on its face that it was revised in May, 1976. Like the original version, the revised notice stated that the ADEA was applicable to persons age 40 to 65, and listed the employers subject to the ADEA. Unlike the original version, the revised notice made proper disclosure of the time limits incorporated in the administrative filing requirements of the Act, by means of the following addition:

> If you feel you have been discriminated against because of age, contact the nearest office of the Wage and Hour Division, U.S. Department of Labor. It is important to contact the Division promptly.

> If you wish to bring a court action yourself, you must first notify the Secretary of Labor of your intent to do so. This notice should be filed promptly, but in no event later than 180 days after the alleged unlawful practice occurred.

> Questions on State age discrimination laws should be directed to State authorities. These laws may affect the 180 day time limit noted above.

> Questions on Federal employment should be directed to the U.S. Civil Service Commission, Washington, D.C. 20415.

> U.S. Department of Labor
> Wage and Hour Division

Judge Collinson in *Catlett v. Owens-Illinois*, 454 F.Supp. 358 at 364 (W.D.Mo.1978), dealt with the same pre-1976 notice and accordingly directed attention to the fact that such notice "did not state that a claimant must file a notice within 180 days" and that "although the notice states that there are certain deadlines, it did not state what those deadlines are." There can be no doubt that the notice involved in *Catlett* was a pre-1976 notice because Judge Collinson noted in footnote 2 of that case that "this action was commenced on October 31, 1975."

---

**5.** It is important to note that the printed notice prepared and approved by the Secretary of Labor under Section 627 involved in this case was a substantially different notice from the notice considered by the Tenth Circuit in *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976). *See* footnote 5 on page 1262 of 539 F.2d. *Dartt* commented on the Secretary of Labor's printed notice before its revision in May of 1976. That pre-1976 notice noted only that the ADEA was applicable to persons aged 40 to 65, listed the employers who were subject to the Act, and stated:

> If you feel you have been discriminated against in matters of hiring, discharge, compensation, or other phases of employment because of your age, contact the

*Charlier v. S. C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir. 1977), involved a number of factual circumstances quite similar to this case. That case involved ADEA actions by two long-time Johnson Wax salesmen. Plaintiff Charlier, age 53, had been in the employ of Johnson Wax for 19 years and six months. He was an area salesman covering Central Texas and had been in Johnson Wax's Regional Office located in Houston a total of only 3 times during the entire period of his employment.

Plaintiff Russell, age 56, had been employed 22 years as either an area salesman or district sales manager in Central Texas, with a residence in San Antonio. The deposition evidence before the district court was that plaintiff Russell, after he became district sales manager, visited the Houston Regional Sales office "occasionally." Both plaintiffs, like plaintiff in this case, generally operated out of their personal residence.

The district court in *Charlier* granted defendant Johnson Wax's motion for summary judgment based on that court's findings that neither of the two plaintiffs had filed a notice of intent within the 180-day period provided in Section 626 and because it found generally that Johnson Wax had complied with the statutory duty imposed by Section 627 and 29 C.F.R. § 850.10 of posting the required notice. The Fifth Circuit reversed and remanded the case to the district court for a more adequate development of the factual circumstances, particularly in regard to plaintiff Russell. In holding that the posting of a Section 627 notice does not automatically toll the Section 626 180-day period for filing a charge, the Fifth Circuit held:

> To fulfill the purposes of section 627 and regulation 850.10 an employer's notice must provide employees with a meaningful opportunity of becoming aware of their ADEA rights so that one may reasonably conclude that the employees either knew or they should have known of their statutory rights.

After noting that Johnson Wax informed all of its Texas employees of their ADEA rights by placing the ADEA poster "on a bulletin board at its regional office in Houston, Texas," *Charlier* concluded:

> Assuming the board was placed in a prominent and accessible place, readily observable to its employees, and the poster informed employees of their statutory rights, *Dartt v. Shell Oil Co.*, 539 F.2d at 1262 & n.5, this would be adequate posting to cover Johnson Wax employees who worked at or regularly reported to the regional office.

In regard to plaintiff Charlier the Fifth Circuit held that the posting of the ADEA notice in the Houston regional office was, as a matter of law, "insufficient to provide Charlier, who lived and worked in Central Texas and visited the regional office only three times in 19 years, with adequate constructive notice of his ADEA rights." *Id.* at 762.

In regard to plaintiff Russell, however, *Charlier* directed that the case be "vacated and remanded with directions that the district court determine (1) whether defendant's notice was adequate as to Russell, who also lived and worked in Central Texas but who visited the regional office occasionally...." *Id.* at 762. The Fifth Circuit noted with particularity in regard to plaintiff Russell that although Russell's deposition testimony "reveals that as a district sales manager he 'occasionally' visited the Houston regional office," the record did not disclose "whether district sales managers such as Russell visited the Houston office once a month or once a year." *Id.* at 764.

*Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3rd Cir. 1977), *cert. denied* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978), we believe accurately described both sides of the coin in regard to the issue of compliance with Section 627 and 29 C.F.R. § 850.10. *Bonham* held that a "failure to post the required notice will toll the running of the 180-day period, at least until such time as the aggrieved person seeks out an attorney or acquires actual knowledge of his rights under the Age Discrimination in Employment Act." *Bonham* also held, however, that "if the employer complied with the relevant posting regulations, an employee's

assertion that he never saw any notices should not of itself require tolling of the 180-day period in which to file a notice of intent to sue."

We find and conclude under the factual circumstances of this case as they were fully developed at the plenary evidentiary hearing that defendant did in fact comply with the posting requirements of Section 627 and 29 C.F.R. § 850.10 (1976) and that plaintiff, by his own admission, visited the regional office at least once a month and was therefore in a position to have been fully advised of the 180-day time period provided in Section 626(d). Under the circumstances, plaintiff's assertion that he did not see the notices, standing alone, cannot be considered as a ground for tolling the operation of the 180-day period of limitation.

We further find and conclude that plaintiff did not claim and in fact was not misled by anyone in regard to his rights nor did anyone, including the defendant, prevent him in any way from asserting his ADEA rights in a timely manner. We quite agree with Judge Hunter's observation in *Mayor v. Western Elec. Co., Inc., supra,* that "even though equitable considerations may compel the tolling of the 180-day limitation period in a proper case, the court cannot rule that plaintiffs may simply ignore the limitations period in the Act." 487 F.Supp. at 87. Like Judge Hunter in that case, this Court is simply unable to find any equitable consideration which may properly be said to justify the tolling of the 180-day limitation period provided in section 626(d).

Accordingly, and for the reasons stated, it is

ORDERED that defendant's motion for partial summary judgment directed to Count I of plaintiff's complaint should be and the same is hereby granted.