Joseph J. **HRZENAK**, Appellant,

v.

**WHITE–WESTINGHOUSE APPLIANCE CO., A DIVISION OF WHITE–WESTINGHOUSE CORPORATION, Appellee.**

**No. 81–2365.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1982.

Decided July 2, 1982.

---

Charles C. Shafer, Jr., Kansas City, Mo., for appellant.

Thomas H. Barnard, John B. Lewis, Squire, Sanders & Dempsey, Cleveland, Ohio, for appellee; Charles W. German, Stinson, Mag & Fizzell, Kansas City, Mo., of counsel.

Before McMILLIAN, Circuit Judge, STEPHENSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

McMILLIAN, Circuit Judge.

Joseph J. Hrzenak appeals from a summary judgment entered in the District Court[1] for the Western District of Missouri finding that his claim of employment discrimination based on the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, was barred by his failure to file a timely notice of intent to sue within the statutory time limit, and further appeals from an adverse jury verdict on his claim seeking compensatory and punitive damages under the Missouri service letter statute, Mo.Rev.Stat. § 290.140 (1978).[2]

---

1. The Honorable John W. Oliver, United States District Judge for the Western District of Missouri.

2. Hrzenak also sought damages under the Tort of Outrage. That claim was dismissed by the

On appeal Hrzenak argues that summary judgment was inappropriate on his ADEA claim because there were contested issues of fact. Hrzenak further argues that the jury verdict on his service letter claim should be reversed because the district court gave erroneous jury instructions and abused its discretion in refusing to issue a subpoena to the foreperson of the jury and then grant a hearing to determine why the jury desired to use a dictionary. For the reasons discussed below, we affirm the district court, 510 F.Supp. 1086.

The parties stipulated to the following facts. In January 1966, Hrzenak was hired by the Westinghouse Appliance Group of Westinghouse Electric Corp. as a Builder Sales Representative. On or about March 1, 1975, White-Westinghouse Appliance Co. (White), a subsidiary of White Consolidated Industries, acquired the Westinghouse Appliance Group. White continued Hrzenak's employment as a Builder Sales Representative. In 1976, White moved its Midwest regional office from Missouri to Overland Park, Kansas. After the move, Hrzenak and the other Builder Sales Representatives began to maintain their sales offices at their homes. Hrzenak did not have office space at White's regional office but reported there at least once a month to attend sales meetings and conferences with his superiors.

On September 30, 1977, Hrzenak submitted his resignation to White to be effective January 1, 1978. The resignation stated that Hrzenak had been forced to resign because of "constant harassment, intimidation and duress by [White's] management." White, pursuant to its policy of not accepting resignations of sales personnel effective months after they were tendered,[3] accepted Hrzenak's resignation effective October 14, 1977.

On January 8, 1979, Hrzenak filed a charge with the United States Department of Labor alleging that White had discriminated against him on the basis of age in violation of the ADEA. It is undisputed that the filing was not timely under 29 U.S.C. § 626(d).[4] Hrzenak received a "right to sue" letter from the Department dated May 2, 1979.

On July 5, 1979, Hrzenak requested a service letter from White pursuant to the Missouri service letter statute, Mo.Rev.Stat. § 290.140 (1978).[5] The letter was received dated September 7, 1979.

On August 7, 1979, Hrzenak filed the present action against White seeking compensatory and punitive damages based on the ADEA and the Missouri service letter statute. White moved for a partial summary judgment on the ADEA claim based on Hrzenak's failure to file a timely charge. In response Hrzenak raised the issue of equitable tolling and consented to a pretrial evidentiary hearing on the issue.[6]

---

district court. Hrzenak does not appeal that dismissal.

3. At the hearing on Hrzenak's ADEA claim, H. E. Schafer, president of White, testified that he was not certain whether White's employment policy that resignations of sales personnel are effective immediately was in writing. However, he testified that the policy was known by White employees. Hrzenak testified that he did not know of any employee whose resignation was effective more than two weeks after the tendering of the resignation.

4. 29 U.S.C. § 626(d) provides in relevant part:
No civil action may be commenced by an individual under [the ADEA] ... until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice ...

5. Mo.Rev.Stat. § 290.140 (1978) provides that upon written request, the employer must provide a former employee with "a letter ... setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service."

6. The hearing was held prior to the Supreme Court's decision in *Zipes v. Trans World Airlines, Inc.*, —— U.S. ——, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), in which the Court held that the timely filing of charges in Title VII actions is not a jurisdictional prerequisite to suit in federal court. However, the district court in the present case correctly determined that timely filing was not jurisdictional and

At the hearing the parties stipulated that the federally required poster regarding employees' rights under the ADEA had, at all relevant times, been posted on a bulletin board in the employees' lunch room at White's regional office. It was also established that Hrzenak attended lengthy sales meetings at White's office. In addition, Norman Huber, a White employee, testified that during those meetings a morning coffee break and lunch were served in the lunch room. Huber further testified that he had seen Hrzenak in the lunch room and that Hrzenak came to the regional office two to three times a month. The only evidence offered by Hrzenak in response was his claim that he had not seen the poster and the fact that his office was at his home.[7]

The district court granted White's motion for partial summary judgment, finding:

[D]efendant did in fact comply with the posting requirement . . . and that plaintiff, by his own admission, visited the office at least once a month and was therefore in a position to have been fully advised of the 180-day time period . . . . Under the circumstances, plaintiff's assertion that he did not see the notices, standing alone, cannot be considered as a ground for tolling the operation of the 180-day period of limitation.

*Hrzenak v. White-Westinghouse Appliance Co.*, 510 F.Supp. 1086, 1092 (W.D.Mo.1981). The district court further found that "plaintiff did not claim and, in fact, was not misled by anyone in regard to his rights nor did anyone, including the defendant, prevent him in any way from asserting his ADEA right, in a timely manner." *Id.* at 1092.

On appeal Hrzenak argues that summary judgment was inappropriate because his claim that he did not see the ADEA notice raises a contested issue of fact. We disagree.

We do not view the proceeding below as one for summary judgment. *See Nielsen v. Western Electric Co.*, 603 F.2d 741 (8th Cir. 1979) (*Nielsen*). Here, as in *Nielsen*, the record reflects that both parties treated the proceeding as a trial on the factual issues underlying Hrzenak's claim for equitable tolling. Both parties testified under oath, were subject to cross-examination and presented all available evidence in support of their respective positions.

Since all the evidence on the issue of equitable tolling was presented and argued, we consider the district court proceeding to have been a hearing in the nature of a trial on that issue. There is no reason why parties cannot agree to try certain issues on the merits and if the parties have done so, we properly may treat such proceeding as a trial on those issues even though cast in the form of a motion for summary judgment.

*Id.* at 743, *citing Starsky v. Williams*, 512 F.2d 109 (9th Cir. 1975), *Gillespie v. Norris*, 231 F.2d 881 (9th Cir. 1956), and *Tripp v. May*, 189 F.2d 198 (7th Cir. 1951).

Because we treat the district court proceeding as a trial on the factual issues underlying Hrzenak's claim for equitable tolling, we are bound by the district court's findings unless they are clearly erroneous. Fed.R.Civ.P. 52(a); *Nielsen*, 603 F.2d at 743.

The district court found that Hrzenak's failure to file was not due to White's misrepresentation or failure to post adequate notice and that Hrzenak had reasonable access to the notice. *Hrzenak v. White-Westinghouse Appliance Co.*, 510 F.Supp. at 1092. Based on those findings, the district court concluded that Hrzenak's assertion that he did not see the notices, standing

---

that the proper procedure was to hold a hearing to determine whether the circumstances would support a finding of equitable tolling.

Pursuant to this determination the district court included a provision in the pretrial order which provided a pretrial hearing on White's motion for summary judgment. Thereafter counsel for both parties executed the pretrial order including a stipulation of uncontroverted facts.

7. The only case cited by Hrzenak in support of his argument is *Skoglund v. Singer Co.*, 403 F.Supp. 797 (D.N.H.1975). However, that case is clearly distinguishable on the basis that the employer had not posted the required notice.

alone, was not a sufficient reason to toll the 180-day notice period. *Id.*

We conclude that the district court's findings are not clearly erroneous. It is undisputed that the federally required notice was posted on the bulletin board in the employees' lunch room and that Hrzenak had reasonable access to the lunch room. We further conclude that the district court properly applied the law in ruling that Hrzenak's claim that he did not see the poster, without more, does not toll the 180-day notice period. "If the employer complied with the relevant posting regulations, an employee's assertion that he never saw any notices should not of itself require the tolling of the 180-day in which to file a notice of intent to sue." *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 n.7 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). *Accord, Pirone v. Home Insurance Co.*, 507 F.Supp. 1281, 1287 (S.D.N.Y.1981).

Hrzenak's claim that he was entitled to compensatory and punitive damages based on White's delay in providing a service letter and alleged inaccuracies in that letter was tried to a jury. The jury returned a verdict in favor of White. On appeal Hrzenak challenges several jury instructions.

Preliminarily we note that although state law determines the substance of jury instructions in a diversity action, the grant or denial of jury instructions is a matter of procedure and is controlled by federal law and the Federal Rules of Civil Procedure. *E.g., Wright v. Albuquerque Auto-Truck Stop Plaza, Inc.*, 591 F.2d 585, 587 (10th Cir. 1979); *Fields v. Chicago, Rock Island & Pacific R. R.*, 532 F.2d 1211, 1214 n.2 (8th Cir. 1976); *see generally* 9 C. Wright & A. Miller, Federal Practice and Procedure §§ 2255–2256 (1971). In reviewing a trial court's instructions to the jury to determine whether or not they correctly set forth the applicable law, we are bound to read and consider the charge as a whole. *E.g., Bern v. Evans*, 349 F.2d 282, 290 (8th Cir. 1965). A single erroneous instruction will not necessarily require reversal if the error was cured by a subsequent instruction or by consideration of the entire charge. *E.g., Smith v. Wire Rope Corp.*, 383 F.2d 186, 188 (8th Cir. 1967).

Hrzenak first argues that the district court erred in giving Instruction No. 7 which stated that the burden was on the plaintiff "to prove every essential element of his claim by a preponderance of the evidence" and then defined "preponderance of the evidence." Hrzenak asserts that the instruction misled the jury into believing that he had the burden of establishing why he had been discharged, which is contrary to the applicable Missouri law. We note that the only objection raised at trial was that the instruction "constitutes a third burden of proof placed upon the plaintiff as the other burden of proofs being set forth in plaintiff's 3 and defendant's No. 3 and defendant's No. 4." That objection is not specific enough to preserve the alleged error for appellate review pursuant to Fed.R. Civ.P. 51. *E.g., Missouri Pacific R. R. v. Star City Gravel Co.*, 592 F.2d 455, 459 (8th Cir. 1979). Moreover, even assuming the existence of a proper and timely objection, we conclude that there is no reversible error. Instruction No. 5 set out the essential elements of Hrzenak's service letter claim along with a statement concerning his burden of proof with regard to those elements. Therefore, reading the charge as a whole, it becomes apparent that Instruction No. 7 simply reiterated and defined the "preponderance of the evidence" standard and did not impliedly misstate the applicable Missouri law.

Hrzenak next argues that the district court erred in giving Instruction No. 11 which stated that the burden was on the plaintiff to "cause you to believe by clear and convincing evidence the facts required for the recovery of punitive damages." Hrzenak asserts that Instruction No. 11 when viewed together with Instruction No. 7 confused the jury by setting forth two burden of proof instructions. We disagree. Instruction No. 11 applies only to Hrzenak's burden of proof for punitive damages. When viewed as a whole, as is required on appeal, the instructions are in harmony.

Hrzenak next challenges Instruction No. 11 on the basis that it is a modification of Missouri Approved Instruction (MAI) 3.06. Alternatively, Hrzenak argues that the giving of any portion of MAI 3.06 was error because it was designed to cover punitive damages in a libel or slander case by a public official. The argument is without merit. Initially we note that federal courts are not required to give the precise instruction set out in an MAI. *See Scott v. Conroy*, 577 F.2d 13, 16 n.2 (8th Cir. 1978). Moreover, the jury never reached the punitive damages issue because, in answering the first interrogatory, it found that White had not failed to provide Hrzenak a truthful service letter. Therefore, the error in giving Instruction No. 11, if any, is harmless error.

Hrzenak next argues that it was reversible error for the district court to give Instruction Nos. 9 and 10 which instructed the jury to award punitive damages if it found that the statements in White's service letter were false and if "you also believe that such falsity was motivated by actual malice." Hrzenak asserts that the instructions misstate Missouri law which only requires a showing that White's conduct was intentional and without just cause or excuse. MAI 16.01. The argument is without merit. The jury never considered the question of punitive damages, inasmuch as the initial question of liability was decided in favor of White. Thus, even assuming error, it must be denoted as harmless.

Hrzenak next argues that it was error to give Instruction Nos. 5 and 6 because they substituted the word "left" for the word "quit" in the Missouri service letter statute. *See* note 5. Hrzenak asserts that the word "quit" was necessary in the instructions because it is the only term which conveys the meaning of a departure from employment. This argument is without merit. The particulars of the instructions are largely within the discretion of the trial judge. Therefore, no form of words is essential if the charge as a whole conveys a correct standard of the applicable law. 9 C. Wright & A. Miller, Federal Practice and Procedure § 2256. "[T]he standard is whether the instructions as a whole substantially apprised the jury of the meaning of the statute and whether they fairly and fully presented the issues to the jury." *La Barge Water Well Supply Co. v. United States*, 325 F.2d 798, 803 (8th Cir. 1963) (citations omitted). *See also Draeger v. Grand Central, Inc.*, 504 F.2d 142, 144 (10th Cir. 1974). We conclude that the standard has been met here.

During the course of its deliberations the jury requested Hrzenak's service letter request and the service letter. These documents were delivered by agreement of counsel for both parties. Shortly thereafter, the jury requested a dictionary. The district court consulted with the respective counsel and then stated, "counsel are agreed that the dictionary should be sent to [the jury]." The dictionary was delivered to the jury together with a cautionary instruction.

After the verdict Hrzenak's counsel was informed by the jury foreperson that the jury had requested the dictionary to determine the meaning of the word "discharge." Hrzenak moved the court to subpoena the jury foreperson and hold a hearing to determine whether the instructions were confusing or inadequate. The motion was denied.

On appeal Hrzenak argues that the district court abused its discretion in refusing the motion. Hrzenak asserts that the fact neither party sought an instruction to define "discharge" establishes that the jury did not follow the court's instructions. There is no merit to this argument. Hrzenak waived this objection by not raising it at a time when the district court could have declined to give the jury the dictionary. Moreover, there is no evidence that the verdict manifests that the jury has not followed the instructions. Hrzenak only claims that "something caused the jury to wonder about the meaning of 'discharge.'" Appellant's Brief at 18. In addition, Hrzenak has not even suggested how the definition of "discharge" operated in derogation of the jury instructions. We conclude that the error, if any, is harmless.

Accordingly, the judgment of the district court is affirmed.