J. R. THIGPEN, Trustee, v. F. M. LEIGH.

*Agricultural Liens—Contract—Cropper—Landlord and Tenant.*

1. A lien is the right to have a demand satisfied out of the property of another.

2. Every agreement between the owner of lands with a cropper for their cultivation, is a special and entire contract; if the cropper abandons it before completion he cannot recover for a partial performance, and his interest becomes vested in the landlord, divested of any lien which may have attached to it, for agricultural advances, while it was the property of the cropper.

3. Every person who makes advancements of agricultural supplies to a tenant or cropper, does so with notice of the rights of the landlord, and the risks of the tenant or cropper abandoning, or otherwise violating his contract.

(*Niblett* v. *Herring*, 4 Jones, 262; *Dula* v. *Cowles*, 7 Jones, 290; *Winstead* v. *Reid*, Busb. L., 76, and *Dail* v. *Freeman*, 92 N. C., 351, cited and approved).

THE ACTION was originally begun before a Justice of the Peace, and brought by appeal to the Superior Court of EDGE-COMBE county, where it was tried before *Gudger, Judge,* at Fall Term, 1884.

It was in evidence that one Van Riddick, a cropper on the lands of the defendant, made an agricultural lien to one F. L. Thigpen, in January, 1882; and in May following said Thigpen made an assignment to J. R. Thigpen as trustee. That in the trial had, in the Superior Court, it was in evidence that about the 10th of June of the same year, Riddick, of his own accord, abandoned his crop in the hands of defendant, the crop being at the time in bad condition.

It was further in evidence that Leigh at once notified plaintiff of the abandonment, and told him that he must cultivate the crop as he, Leigh, could not do it. Plaintiff said he would if defendant would furnish him with a house for his laborers. Defendant at first promised he would, but upon reflecting that the cropper, Riddick, did not live in his own house, but lived in a house with his father, he told the plaintiff he could not furnish him with a house as Riddick had none. Plaintiff told defendant to go ahead then, and cultivate the crop and pay himself his

rent and the expense in making and housing it, and pay the balance to plaintiff; and defendant then replied: "If I do, you shall not have one cent of it." Plaintiff answered: "We will see."

It was in evidence that the defendant, after the abandonment by the cropper, cultivated the crop and marketed it, and, after taking out his rent and expense for cultivating and housing, there remained in his hands, after paying all expense, the sum of fifty-six dollars. This amount the defendant claimed for his time in looking after, furnishing and having the crop worked and housed.

The defendant requested the court to charge: "If Leigh offered to Thigpen to put him in Riddick's place to carry on the crop, and Thigpen declined to take and carry on the crop, such refusal is an abandonment on the part of Thigpen, and he cannot recover. If Riddick, the cropper, having of his own accord, and against the consent of his landlord, abandoned his crop, and the landlord having gathered the same, Riddick, or no one claiming under him, can recover any of the crop from the landlord."

This his Honor refused to charge, and instructed the jury that plaintiff was entitled to recover what remained in defendant's hands after paying all expenses.

Verdict for plaintiff; motion for new trial; motion disallowed; judgment for the plaintiff. Defendant appealed.

*Messrs. Batchelor & Devereux*, for the plaintiff.
*Mr. J. L. Bridgers, Jr.*, for the defendant.

ASHE, J., (after stating the case). We think that the plaintiff had no right to this balance. We are unable to find any authority in point, and the learned counsel who appeared before us for the defendant, expressed their inability to find any. We are therefore compelled to decide the case upon general principles of law and justice.

We start out with the proposition that Riddick, the cropper of the defendant, having abandoned the crop in violation of his contract, was without remedy against the defendant. For "where there is an entire contract, and the plaintiff has performed a part of it, and without legal excuse and against the consent of the defendant has refused to perform the remaining part, he cannot recover anything for the part performed." *Niblett* v. *Herring*, 4 Jones, 262; *Dula* v. *Cowles*, 7 Jones, 290. Every agreement made by the owner of land with one to cultivate his land as a cropper, must necessarily be a special contract, and when that is so, neither party to the contract, under the former practice, could recover on what was called in the former system a *quantum meruit*, when it is made to appear that he has, against the consent of the other party, wilfully refused to perform his part of the agreement. *Winstead* v. *Reid*, Busb. L., 76.

These authorities go to show that Riddick, by the wilful abandonment of the crop in the month of June, against the consent of the defendant, lost all right to it. To whom, then, did it belong? Of course to the defendant, the landlord, who was entitled to his rent, and who cultivated the crop to its maturity, unless J. R. Thigpen, by his advancement to Riddick, the cropper, acquired such a lien on the crops as would entitle him to be paid thereout, subject to the superior lien of the defendant as landlord.

This brings us to the inquiry, what interest in the crop does the lien of agricultural advancements give to him who makes them? What is the definition of a lien? It is simply the right to have a demand satisfied out of the property of another. The lien for advancement differs nothing in its nature and operation from that of a judgment which has been held to constitute no property in the land of the debtor, only a right to have the judgment satisfied out of the land to which the lien had attached. *Dail* v. *Freeman*, 92 N. C., 351, and the authorities there cited in support of the principle. The principle must apply to personalty as well as to realty, whenever a lien is created.

4

Apply the principle to our case. Thigpen, by his advancements to Riddick, who was a cropper, acquired no right of property in the crop planted and cultivated by him, but only the right to have his advances repaid out of that part of the crop that might fall to Riddick's share thereof, on a division between him and the defendant. But Riddick, by his abandonment of the crop and his failure to perform his part of the contract, had lost his interest in and all right to a division of it. There was then nothing left upon which the lien of Thigpen could operate, and out of which his demand could be satisfied. Riddick's right to a share of the crop having ceased, Thigpen's lien on the share necessarily ceased with it.

Every person making agricultural advancements to a cropper, must rely in a great measure upon his good faith in carrying out his contract with his landlord, for he must know that the cropper has it in his power to desert his crop and leave it uncultivated, and therefore, in taking the lien he knowingly assumes the risk.

Aside from this view of the law, the justice of the case is with the defendant. Upon the abandonment of the crop by the cropper he informed the plaintiff, who, as assignee, stood in the shoes of him who made the advances, and informed him of the fact and told him to go on and make the crop, which he refused to do, and threw the trouble and burden of finishing it upon the defendant, who expressly advised him, if he did so, *he should not have one cent.*

Our conclusion is there was error.

The judgment of the Superior Court is therefore reversed, and this will be certified to the Superior Court of Edgecombe county, that a *venire de novo* may be awarded.

Error.                                                    Reversed.