W. P. COKER, D/B/A COKER HEATING AND AIR CONDITIONING COMPANY v. TERRY E. STEVENS AND WIFE, MARTHA C. STEVENS

No. 7828DC1134

(Filed 16 October 1979)

**Rules of Civil Procedure §§ 8.1, 15.2; Laborers' and Materialmen's Liens § 8.1— theory of case—change by court on own motion—no notice—pleadings not amended by consent—action to enforce lien—no finding of debt**

In an action to recover the cost of a furnace installed in defendants' home by plaintiff where the case proceeded to trial on the theory that a general contractor was acting as agent for defendants and that plaintiff installed the furnace in question in defendants' home by agreement with their agent, the trial court erred in changing the theory of the case on its own motion to that of an alleged lien on funds in possession of defendants due to the general contractor after notice of a debt owed to plaintiff, one of the general contractor's subcontractors, who had not been paid, since defendants were not given notice of this change of theory and did not litigate it by consent; furthermore, the case must be reversed, even under the new theory, since the court made no finding that there was a debt owed by the general contractor to plaintiff subcontractor.

APPEAL by defendants from *Styles, Judge*. Judgment entered 18 August 1978 in District Court, BUNCOMBE County. Heard in the Court of Appeals 31 August 1979.

Plaintiff seeks to recover $950, the contract price for the cost of a furnace to be installed in defendants' newly constructed home. The complaint alleged that plaintiff contracted with one O. L. Walker, who was acting as agent for defendants, and that plaintiff, after installing the furnace in accordance with the provisions of the contract, had demanded payment from defendants but had not been paid.

Defendants answered, denying that O. L. Walker had ever acted as their agent or that they had agreed to pay any sum to plaintiff. Defendants alleged that O. L. Walker was an independent contractor who had no real or apparent authority to act as agent for defendants.

Defendants submitted interrogatories to plaintiff who answered asserting that on 15 November 1976, at O. L. Walker's request, he came to the job site where defendants' house was being built, that Stevens personally agreed on the contract price of $950, and that "at his direction Walker authorized the contract."

Plaintiff and defendants filed motions for summary judgment and affidavits in support thereof. Defendant Terry E. Stevens' affidavit asserted, as grounds for summary judgment, that he had employed O. L. Walker as general contractor; that it was in such capacity that Walker had dealt with plaintiff; and that Stevens had never made any agreement with plaintiff regarding installation of or payment for the furnace, but had indicated that the price quoted by plaintiff to Walker seemed fair. Prior to trial, defendants moved to dismiss the action or to grant summary judgment on behalf of defendant Martha Stevens on the ground that nothing in the pleadings, responses to interrogatories, or affidavits indicated that she had authorized or ratified any contract with plaintiff. Defendants also moved for summary judgment on the grounds that the uncontradicted affidavit of Stevens showed that Walker had dealt with plaintiff in his capacity as a general contractor, and that the complaint, therefore, did not state a cause of action against defendants. All motions were denied.

Plaintiff testified that he was aware at the times in question that O. L. Walker was a general contractor and that he was his subcontractor; that defendant Terry Stevens called him after the furnace was installed and complained, because it did not work properly; that he informed Stevens that Walker had not paid him for the furnace; and that Stevens responded that as soon as he and Walker straightened out their own contractual difficulties, he was sure that he would be paid.

Over objections of plaintiff, Walker testified that he was a general contractor on the job and that he had employed plaintiff to serve as a subcontractor. He further testified that he had no specific agreement with defendants to install a furnace, but that

he had agreed to install any "extras" at cost. The contract price of the house, without extras, was $26,690. The court, after determining that neither counsel had any further questions, asked Walker if he had been paid the contract price and how much of it remained unpaid. Walker replied that $5,000 was unpaid.

Defendant Terry Stevens, who was examined as an adverse witness, testified that he had not paid plaintiff for the furnace, but that he had paid Walker, his contractor. Stevens testified that he did not make a direct agreement with Coker to pay him. Since Coker demanded payment, he had made no further payments to Walker.

Defendants' motions for directed verdict were denied. The court entered judgment for plaintiff for $950. Defendants' motion for a new trial on the grounds of surprise in the court's permitting recovery on an unpleaded theory was denied. Defendants appealed.

*Bruce J. Brown, for plaintiff appellee.*

*Dameron & Burgin, by E. Penn Dameron, Jr., for defendant appellants.*

ERWIN, Judge.

Defendants assign as error: "The trial court committed prejudicial error by finding facts, making conclusions of law, and entering judgment against defendants on the unpleaded theory that the defendants had wrongfully retained funds which were owed to their general contractor." Defendants contend that plaintiff alleged in his complaint and proceeded to trial only on the theory of agency. Plaintiff did not move to amend his complaint during the course of the proceedings. We agree with defendants that prejudicial error occurred and award them a new trial.

The court, on its own motion, questioned witness O. L. Walker:

> "THE COURT: Mr. Walker, in November of 1976 had all of the contract price been paid to you?
>
> DEFENDANTS' EXCEPTION NO. 5
>
> MR. WALKER: No, sir.

THE COURT: How much of it remained unpaid?

DEFENDANTS' EXCEPTION NO. 6

MR. WALKER: The way I have it, I'm close to Five Thousand Dollars ($5,000.00), something in that neighborhood, with the changes.

THE COURT: Do you gentlemen have any further questions?

MR. DAMERON: Your Honor, I don't particularly want to get into the question of disputes outside this contract, so I don't have any further questions."

At the close of the evidence, the court stated the following:

"THE COURT: I think you're entitled to recover, Mr. Brown, but on the theory that in November the contract price had not been paid. I find that from the conversations between Mr. and Mrs. Stevens and Mr. Coker, with regard to getting the furnace put in operation, that notice was given that he had not been paid and that according to Mr. Stevens at that time, final settlement had not been made and that Mr. Coker would be paid when that was done."

The record reveals that this is not a case wherein the doctrine of litigation by consent applies pursuant to G.S. 1A-1, Rule 15(b), of the Rules of Civil Procedure. Defendants objected to the introduction of the evidence as set out above and further indicated to the court that such was outside the scope of the pleadings. Plaintiff failed to move to amend his complaint to conform with the evidence as required by Rule 15(b). *See Roberts v. Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721 (1972).

The case proceeded to trial on the theory that O. L. Walker was acting as agent for defendants and that plaintiff installed the furnace in question in defendants' home by agreement with their agent. The court, on its own motion, changed the theory of the case to that of an alleged lien on funds in possession of defendants due to O. L. Walker, general contractor, after notice of a debt owed to plaintiff, one of Walker's subcontractors, who had not been paid. This change of theory was prejudicial to defendants due to lack of notice. Defendants were not prepared to defend on the lien theory, which required certain records of pay-

ment to Walker. It appears that they would have met such defense had they had time to get certain records available to them.

This case must be reversed, even under the new theory. In order for the plaintiff to recover, the court must find that there is a debt owed by Walker to plaintiff. A debt is the foundation upon which a lien depends. *Ply-Marts, Inc. v. Phileman*, 40 N.C. App. 767, 253 S.E. 2d 494 (1979). The trial court failed to find that plaintiff is entitled to money judgment against Walker. The lack of the necessary finding of fact and conclusion of law required us to reverse the judgment entered in addition to the reason set out above.

For errors found in the trial, defendants are awarded a new trial.

New trial.

Judges CLARK and WELLS concur.