Walter L. MOORE, Plaintiff,

v.

Johnny C. SURLES, et al., Defendants.

No. 86–135–CIV–4.

United States District Court,
E.D. North Carolina,
New Bern Division.

Nov. 12, 1987.

Walter L. Moore, pro se.

Isaac T. Avery, III, Linda Anne Morris, Deputy Attys. Gen., Lacy H. Thornburg, Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., for Johny C. Surles and Robert R. Mason.

Jacob L. Safron, Sp. Deputy Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., for William H. Andrews, Leonard Thagard, James R. Strickland and Herbert O. Phillips, III.

## ORDER

BRITT, Chief Judge.

Walter L. Moore (Moore) was charged by North Carolina state troopers with two separate offenses concerning the registration of a vehicle. In the state district court he pled guilty to the charges but then appealed the sentences to the superior court. In the superior court Moore again pled guilty and was sentenced to twenty-nine days in jail, suspended on certain conditions, including the payment of court costs in the amount of $109. After attempting, unsuccessfully, to pay the fine with a "public money note" he was ordered committed to jail. From that order he appealed to the North Carolina Court of Appeals, where the order of the superior court was affirmed.

Moore instituted this action under the Civil Rights Act of 1871, 42 U.S.C. §§ 1985 and 1986, against the state troopers who issued the citation, the state attorneys who prosecuted the cases, and the state superior court judges who tried the cases, seeking both injunctive relief and damages. The case was assigned to Judge James C. Fox of this court who, on 18 February 1987, acting on motions by defendants dismissed the action.

By motions filed on 21 August 1987 the United States Attorney of this district seeks to reopen the case and cancel a lien filed by plaintiff against real estate of members of the family of Judge Fox. Sanctions are also sought. Plaintiff has responded, and the motions are ripe for ruling. Upon motion of plaintiff, Judge Fox has recused and the case is now on the calendar of the undersigned.

## FACTS

On 26 February 1987 plaintiff filed a document in this action entitled "Judicial Notice" which after several paragraphs of incoherent recitations[1] concludes by demanding that "case number 86–135–CIV–4 remain filed." On 12 March 1987 plaintiff filed a "NOTICE AND DEMAND" for the filing of a common-law lien in the office of the Register of Deeds of New Hanover County as follows:

NOTICE is hereby given of the filing of a particular Common Law Lien, the object of which action is to enable the Demandant to secure money damages and exercise his Civil and Constitutional Rights. The particular property described will be subject to prosecution to satisfy judgment(s) in this action. The failure, refusal, or neglect of the Respondant(s) (sic) to demand the Sheriff to convene said Common Law Court within ninety (90) days from the date of filing this instrument will be deemed to be "prima-facie evidence of an admission of "waiver" to all their rights to the property described hereinafter. *DEMAND* is made upon all public officials under penalty of *Title 42 U.S.C. Sec. 1986* not to modify or remove this lien in any manner.

(This lien is not dischargable (sic) for 100 years and cannot be extinguished due to my death whether accidently or

---

1. For example: *"James C. Fox* is hereby put on notice that should there be any trespass whatsoever on any case(s) before the United States District Court, it shall be held as a violation of Title 18, U.S.Code, § 1512(A) [§ 1512(a)]...." That section of Title 18 deals with "tampering with a witness, victim, or an informant."

purposely, or by my heirs, assigns or executors.)

PAYMENT AT LAW OF <u>$2,250,000.00.</u>

s/*Walter L. Moore* [2]

The "lien" was filed in Book 1366, page 1588, of the New Hanover County Registry and has attached to it a photocopy of a partition deed among the children of Judge Fox of lands in which Judge Fox's wife, Katherine R. Fox, has a life estate.

In his response to the pending motions plaintiff states: "Plaintiff admits filing the Common Law Lien on March 12, 1987. Because of Judge Fox's unlawful actions ... and his complete disregard for his oath of office ... my only recourse of action for redress to recover damages sustained, was to file a Common Law Lien for compensation for damages done by his trespass. The Common Law Lien, against the Judges Lifetime estate in the property conveyed to said daughter, is to become effective at both Judge Fox and his wife's death...."

### DISCUSSION

"It is essential to the establishment of a lien on property that a debt from the owner of the property be proved." *Empire Trust Co. v. Egypt Ry. Co.*, 182 F. 100 (C.C.N.C. 1910); *see also Boone v. Chatfield,* 118 N.C. 916, 24 S.E. 745 (1896); *Thigpen v. Leigh,* 93 N.C. 47 (1885); *Coker v. Stevens,* 43 N.C.App. 352, 258 S.E.2d 794 (1979); *Ply–Marts, Inc. v. Phileman,* 40 N.C.App. 767, 253 S.E.2d 494 (1979). From the documents filed it is obvious that neither Judge Fox nor any member of his family is indebted to Moore in any way.

■ "Common-law liens" even when they were applicable dealt only with personal property and were valid only in favor of a creditor in possession. *Whiteside v. Rocky Mountain Fuel Co.,* 101 F.2d 765 (10th Cir.1938), *cert. denied,* 307 U.S. 640, 59 S.Ct. 1038, 83 L.Ed. 1521 (1939).

In North Carolina the creation and perfection of liens against both personal and real property is governed entirely by stat-ute. Chapter 44 of the General Statutes of North Carolina covers various types of liens, such as liens by a laborer for wages due from his employer, liens for ambulance services, etc. Chapter 44A of the General Statutes of North Carolina deals with possessory liens on personal property and statutory liens on real property, as well as liens by owners of self-storage facilities on the personal property stored in those facilities.

Chapter 1, Article 11 of the General Statutes of North Carolina governs lis pendens, however, it applies only to actions affecting title to property. Chapter 1, Article 35 of the General Statutes of North Carolina governs attachment. North Carolina General Statute 1–440.3 specifies those actions in which attachment may be had as, e.g., when the defendant is a nonresident. Clearly, however, none of the requirements of the statute are met in this action.

■ In short, there is no statutory authority for the filing of the "lien" in this case. Thus, the lien is void and of no effect.

It is abundantly clear that the sole purpose of the filing of the purported "lien" by Moore was to harass Judge Fox. Moore has demonstrated his disrespect, indeed, his contempt, for the court system and our system of government itself by his actions in this case and the underlying case and his attempts to pay his fine with a spurious "public office money note." Having found the lien to be void and of no effect, the question remains whether this court has the authority to order the cancellation of that lien in the office of the Register of Deeds of New Hanover County, North Carolina.

"A federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes and lien claims ... when the dispute relates to the main action, regardless of the jurisdictional basis of the main action." *Petition of Rosenman Colin Freund Lewis & Cohen,* 600 F.Supp. 527,

---

**2.** The document is styled "Walter L. Moore, Demandant v. James C. Fox, Katherine R. Fox ...,

Respondent(s) (sic)."

531 (S.D.N.Y.1984), quoting *Marrero v. Christiano*, 575 F.Supp. 837, 839 (S.D.N.Y. 1983). "This ancillary power extends to disputes that arise after the initial litigation is no longer before the court." *Petition of Rosenman, supra* at 531, citing *Application of Kamerman*, 278 F.2d 411, 413 (2d Cir.1960).

This is so because once a district court has acquired jurisdiction of a case, the court retains jurisdiction over that case "as an entirety" and thus may decide "certain subsidiary or subordinate disputes even though it might not independently be able to proceed to adjudicate them." *In re Coordinated Proceedings, etc.*, 520 F.Supp. 635, 647–48 (D.Minn.1981) (and citations therein).

■ There can be no doubt that the purported lien filed by Moore specifically relates to this action. In fact, Moore's candid admission in his response, quoted above, says as much. Thus, this court does have the power, and will exercise it, to order the cancellation of the lien.

### SANCTIONS

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record.... A party who is not represented by an attorney shall sign ... [his] pleading, motion, or other paper.... The signature of [a] ... party constitutes a certificate by ... [him] that ... [he] has read the ... paper, that to the best of ... [his] knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a ... paper is signed in violation of this rule, the court, ... upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction....

■ By its explicit terms Rule 11 applies to a party, such as Moore, who is appearing *pro se.*

It is, therefore, ORDERED:

1. That the Register of Deeds of New Hanover County, North Carolina, cancel of record the "Notice and Demand" herein referred to recorded in New Hanover County Registry in Book 1366, at page 1558, by inscribing thereon the following legend: "Cancelled this ___ November 1987 by order of the United States District Court for the Eastern District of North Carolina."

2. That Walter L. Moore be, and he is hereby, restrained and enjoined from filing or attempting to file any lien or other legal document against either Judge James C. Fox or any member of his family in any public registry in North Carolina without first obtaining leave of the undersigned judge, or another district court judge for the Eastern District of North Carolina other than Judge Fox.

3. That Walter L. Moore appear before this court at 9:00 a.m. on the 30th day of November 1987 in Courtroom 2, Federal Building, 310 New Bern Avenue, Raleigh, North Carolina, and show cause, if any he has, why sanctions should not be imposed against him pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure.