**Robert F. PAYNE, Plaintiff,**

**v.**

**DURACELL U.S.A., Defendant.**

**No. C–89–393–S.**

United States District Court, M.D. North Carolina, Salisbury Division.

July 27, 1990.

---

**6.** In doing so, of course, the Court does not reach Nasi's motion to quash and to dismiss.

Robert F. Payne, Lexington, N.C., pro se.

Louis C. Allen, III, Greensboro, N.C., Stephen X. Munger and Collette R. Jones, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

TILLEY, District Judge.

Defendant requests summary judgment and sanctions in this job discrimination suit. Fed.R.Civ.P. 56, 11. Plaintiff, who is acting *pro se*, was notified in a letter by the Clerk of this Court on March 5, 1990, that a motion for summary judgment had been filed and that a "failure to respond or file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the Defendant's contentions are undisputed. As a result, the court may dismiss the suit or render judgment against you." Plaintiff, nevertheless, did not respond to the motion.

## FACTS

Plaintiff Robert F. Payne brought this action against Defendant Duracell U.S.A., alleging that in 1987 Duracell demoted him and twice failed to promote him as a result of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII).

Plaintiff alleges three claims of racial discrimination: 1) he was not promoted to a Tool Cleaner/Polisher job in July 1987, 2) he was not promoted to a Maintenance Mechanic II job in September 1987, and 3) he was demoted when he was transferred from Press Operator to House Services in June 1987.

## DISCUSSION

Although a local rule provides that Plaintiff's failure to respond to this motion for summary judgment may result in the motion being considered as uncontested, the court may not grant the motion unless it has merit. *Frasco v. Jos. Schlitz Brewing Co.*, 532 F.Supp. 1020 (M.D.N.C.1982). To prevail, the Defendant must establish facts which show, when taken in the light most favorable to the Plaintiff, that there is no genuine issue as to any material fact and Defendant is entitled to judgment as a mat-

ter of law. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In addition to the pleadings, Defendant has submitted affidavits and Plaintiff's deposition.

## DEMOTION CLAIM

■ Before filing a Title VII suit in court, a Plaintiff is required to exhaust administrative remedies by timely filing a charge with the Equal Employment Opportunity Commission (EEOC). *Dixon v. Westinghouse Elec. Corp.*, 615 F.Supp. 538, 540 (D.Md.1985), *aff'd*, 787 F.2d 943 (4th Cir.1986). Under § 706(e) of Title VII, 42 U.S.C. § 2000e-5(e), Plaintiff had 180 days after the alleged demotion to file a charge with the EEOC. Plaintiff admits in his deposition, however, both: 1) that his transfer from Press Operator to House Services in June 1987 forms the basis for his demotion claim and, 2) that he did not file a charge with the EEOC in connection with this alleged demotion. Deposition of Robert F. Payne, pp. 167–69. Plaintiff's claim, therefore, is precluded by his failure to exhaust administrative remedies. Defendant's motion for summary judgment on Plaintiff's demotion claim will, accordingly, be granted.

## FAILURE TO PROMOTE

■ Plaintiff's *prima facie* case of disparate treatment consists of four elements:

1) Plaintiff belongs to a racial minority,

2) he applied and was qualified for the job for which the employer was seeking applicants,

3) despite his qualifications, he was rejected,

and, 4) a.  after Plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of his qualifications,

or, b.  Plaintiff presents some other evidence that his race was a factor considered by the employer not granting him the promotion.

*Holmes v. Bevilacqua*, 794 F.2d 142, 146–47 (4th Cir.1986) (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)). See also, *Lucas v. Dole*, 835 F.2d 532 (4th Cir. 1987);

*Autry v. North Carolina Dept. of Human Resources*, 820 F.2d 1384 (4th Cir.1987).

Defendant offers the affidavit of Nicole Grondin, Human Resources Manager for Duracell, who testifies that the only position posted in 1987 involving tool cleaning and polishing was that of Temporary Tool Crib Attendant; that Plaintiff applied for the position but was not qualified; that, in fact, none of the applicants were qualified; and the job vacancy did not remain open but was filled on the basis of seniority.

Ms. Grondin further testifies that Duracell posted job openings for Maintenance Mechanic II in 1987; that Plaintiff applied for one of these positions but was not qualified; that, in fact, none of the applicants were qualified, and the positions were filled by qualified applicants from outside the company.

Plaintiff may not rely on the mere allegations in his complaint to defeat this summary judgment motion. *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 456 (4th Cir.1989). Since Plaintiff has offered nothing in response to Defendant's evidence, his materials do not establish a genuine issue of material fact as to two elements of his *prima facie* case. Accordingly, Defendant's motion will be granted.

### RULE 11 SANCTIONS

█ Defendant argues that Rule 11 sanctions are appropriate on Plaintiff's demotion claim because even a cursory review of the law on these facts would have revealed that this claim was precluded. *Pro se* litigants as well as attorneys are subject to Rule 11. *Moore v. Surles*, 673 F.Supp. 1398 (E.D.N.C.1987). The Court agrees that Plaintiff violated the rule by filing his demotion claim. The Court does not consider an award of costs and attorney's fees to be appropriate, however. Only a cursory review of the law was required for Duracell to discern its defense to this claim, and its preparation to establish the facts had to be undertaken in any event to defend against Plaintiff's other claims. The Court, therefore, determines an award of $50.00 to be appropriate.

### CONCLUSION

Therefore, Defendant's motion for summary judgment on Plaintiff's claims is GRANTED, its motion for an award of costs and attorney's fees under Rule 11 is DENIED, and Plaintiff is ordered to pay Defendant $50.00.